Middleton v. Middleton.

MIDDLETON *et al.* v. MIDDLETON *et al.*

1. Evidence: DYING DECLARATIONS: ADVANCEMENT. Dying declarations of the ancestor are not admissible against the heir for the purpose of showing an advancement. Such declarations are admissible only in cases of homicide where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the declarations.

2. —— ADVANCEMENT. But, where it is claimed that an advancement was made to an heir by the sale of a farm to him by the ancestor, the declarations of the ancestor, made at about the time of the sale, to the effect that the heir had fully paid him for the farm, are admissible on the part of the heir.

3. —— ONUS PROBANDI: INSTRUCTION: ERROR WITHOUT PREJUDICE. While the burden of proof is upon the party claiming it, to show that an advancement was made, the evidence need not be conclusive. The fact may be sufficiently established by a *preponderance* of testimony.

4. —— The giving of an erroneous instruction which under the testimony could have worked no prejudice to the party complaining will not be regarded as reversible error.

*Appeal from Wright Circuit Court.*

SATURDAY, JANUARY 28.

PROCEEDINGS for partition. The plaintiffs are the children and heirs at law of Hutchinson Middleton, deceased. The defendant, Ida E., is the only child and heir, and the defendant Joanna is the widow of Wm. R. Middleton, deceased, who died before his father, and was a son of Hutchinson Middleton, deceased, and brother to plaintiffs. The plaintiffs claim that William R. in his life-time received an advancement which was in full of all his share in the estate. · The defendants deny this. The issue was tried to a jury and found for defendants. The plaintiffs moved for a new trial, which was granted. The defendants appeal.

*N. B. Hyatt* for the appellants.

*Charles A. Clark* for the appellees.

COLE, J. — The grounds for a new trial were substantially these: *First.* In the progress of the trial before the jury, the plaintiffs introduced, against the objections of the defendants, testimony of what they called "dying declarations" of the ancestor, Hutchinson Middleton, deceased, respecting the alleged advancement. The court instructed the jury that "it is for you to determine whether the declarations of Hutchinson Middleton were made as, and known or believed by him to be, dying declarations; if they were, you will give them such weight as, under all the circumstances, they are entitled to; if they were not made as his dying declarations, you will wholly exclude them." The plaintiffs make the giving of this instruction a ground for their motion for a new trial. That it was error to give it cannot be doubted, but it was an error to the advantage of plaintiff and clearly against the defendants, for they ought not to have weight in any event, and hence plaintiffs cannot avail themselves of it. The admission of the evidence in behalf of plaintiffs, of the dying declarations, even if they were such, was error; the objections thereto, by defendants, should have been sustained and the evidence excluded. That dying declarations are admissible, as such, only in cases of homicide, where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the dying declarations, we had supposed to be too well settled to admit the possibility of error in relation thereto. 1 Greenl. on Ev., § 156, and authorities cited in note 1.

*Second.* The advancement is claimed to have been made in and by a sale of a farm, in Ohio, by the father, Hutchinson Middleton, to his son, William R., the father of the

2. — advancement. defendant Ida E. On the trial, the defendants, against plaintiffs' objections, introduced evidence of the declarations of the father, made about the time of the sale, to the effect that the son had fully paid him for the farm. It is alleged, in the motion therefor, as one ground for a new trial, that the court erred in admitting this evidence. The evidence was clearly competent and proper, since the parties against whom it was offered were claiming title under the declarant, and under a transaction about which the declarations were made. Indeed, even if the action was between third parties, the evidence would have been competent, under the rule laid down by this court in *The County of Mahaska* v. *Ingalls, Ex'r, etc.*, 16 Iowa, 81.

*Third.* At the instance of defendants, the court instructed the jury " that the burden of proof is upon the plaintiffs, 3. — onus probandi: instruction: error without prejudice. to show affirmatively that an advancement was made to the father of Ida E. Middleton, and unless you find that the evidence is conclusive that such advancement was made, you should find for the defendants." This instruction was manifestly erroneous, and should not have been given. The evidence of the advancement need not be " *conclusive,*" it is sufficiently proven if the weight of evidence establishes it. Indeed, the court, in its own instructions to the jury, immediately following the above, tells them that " the plaintiff holds the affirmative of the question, and must sustain his affirmation by a satisfactory preponderance of evidence," etc. ; and, in the next, " the parties had power to make such arrangements, and if made and proven to your satisfaction, you will, of course, so find." And in the fifth instruction substantially the same idea is embodied. It is probable that the word " conclusive," in the instruction objected to, escaped the attention of the court, and possibly was not noticed by the jury ; but, notwithstanding this, and the correct rule of law as to weight of evidence, as afterward

given by the court, we might not affirm the verdict, were it not that we have all the evidence before us, and mostly by depositions, and it has been read very carefully, and we are satisfied from it that the verdict is not only right and proper, under the law and the evidence, but, also, that if the verdict had been the other way — for plaintiffs — it would have been the clear duty of the court to have set it aside as contrary to the evidence. Under such circumstances it was error to grant a new trial, notwithstanding the verbal error in the instruction, and the order therefor is

Reversed.