FIRST NATIONAL BANK OF FORT DODGE V. BREESE, WHITLOCK & CO. ET AL.

1. **Practice:** INSTRUCTION: ERROR WITHOUT PREJUDICE. No error can be predicated upon the giving of an instruction where the part to which exception is taken could not have affected the verdict.

2. **Surety:** LIABILITY FOR ATTORNEY'S FEES: PROMISSORY NOTE. Sureties upon a promissory note which stipulated "that a reasonable sum, to be fixed by the court, for attorney's fees, shall be allowed and taxed as costs against the parties making this note," in default of payment by the principal maker, were bound to the payment of attorney's fees adjudged to be due.

3. **Partnership:** AUTHORITY OF ONE TO BIND THE FIRM: EVIDENCE. The authority of one partner to bind the firm as sureties upon a note, may be established by evidence tending to show that such authority had been habitually exercised in previous transactions with the knowledge of the other partner, and without his objection.

4. ——: ——. RATIFICATION. Where such authority did not exist, the act of the partner may be afterwards ratified, and the ratification may be proved by circumstantial evidence.

*Appeal from Webster Circuit Court.*

WEDNESDAY, OCTOBER 21.

THIS is an action, brought upon two promissory notes for $500 each, against the defendants as makers thereof. There was a jury trial resulting in a verdict and judgment for plaintiff. Defendants, Hess & Baehring, appeal.

*Botsford & Yeoman,* for appellants.

*Duncombe, O'Connell & Springer,* for appellee.

MILLER, CH. J.—This action is brought upon two promissory notes, each in the words and figures following:

$500.          FORT DODGE, IOWA, Dec. 17, 1872.

"Thirty days after date, we or either of us promise to pay to the First National Bank of Fort Dodge, Iowa, or order, five hundred dollars, value received, payable at the First National Bank at Fort Dodge, with interest at ten per cent.

per annum after maturity. And it is also stipulated that a reasonable sum to be fixed by the court for attorney's fees shall be allowed, and taxed as costs against the parties making this note, in case the same shall not be promptly paid, and suit shall be commenced thereon. And we do hereby waive all right to stay of execution, under any statute of the State of Iowa.

(Signed.)          BREESE, WHITLOCK & Co.,
                        HESS & BAEHRING."

The defendants Breese, Whitlock & Co., make no defense. Hess and Baehring plead in their answer that they were merely accommodation sureties on the notes; that they became such, with the knowledge of plaintiff, after the notes had been executed by Breese, Whitlock & Co., and after the plaintiff had paid over to them all the money obtained on the notes, and that no notice of demand and non-payment of the notes was given these defendants at their maturity.

They further plead that after the notes became due the plaintiffs for a valuable consideration agreed to, and did, extend the time of payment of said notes to said Breese, Whitlock & Co., without the knowledge or assent of the sureties.

The defendant, Hess, for a separate defense alleges that the firm of Hess & Baehring is a partnership existing only for the purpose of doing a real estate business, composed of Frederick Hess and Wm. C. Baehring; that the signature of the firm to the notes sued on was affixed thereto by said Baehring, without the knowledge or assent of Hess, and without any consideration moving to the firm or to Hess; that they were not signed for the use, or benefit, or in the business of the firm but solely for the accommodation of the defendants, Breese, Whitlock & Co., of which the plaintiff had knowledge.

I. As to the appellants, Hess & Baehring, it is insisted that the court erred in the second instruction to the jury, in which they are directed that, "if after the notes were made, and delivered to and accepted by the plaintiff, by Breese, Whitlock & Co., and the consideration had passed to Breese, Whitlock & Co., from the plaintiff the defendants Hess & Baehring

signed the notes as surety for B., W. & Co., without any consideration running to them therefrom, the plaintiff cannot recover. But if the notes were signed by Hess & Baehring, in accordance with a previous agreement or understanding between them and Breese, Whitlock & Co., to sign the notes in renewal of other notes upon which Hess & Baehring were liable as sureties, there was a consideration for the signing and they would be liable even though signed after execution by, and consideration had passed to, Breese, Whitlock & Co., or if the extension was at the request of Hess & Baehring to the plaintiff, or if Hess & Baehring had security from B., W. & Co., at that time to indemnify them from liability thereon the plaintiff will recover."

The objection urged to the instruction is in instructing " that the notes must have been delivered to, and accepted by the plaintiff," before Hess & Baehring signed the same, in order to relieve them of liability. In other words, it is argued that if before appellants signed the notes, they had been executed by Breese, Whitlock & Co., and all the money for which they were made had been paid over, even though it was agreed by the plaintiff and B., W. &. Co., that the appellants should also sign them, they would not be liable unless they were parties to such agreement.

Whether there was error or not in this instruction we will not stop to consider, since if there was it was without prejudice. The evidence shows, without any conflict, that these notes were executed by the parties thereto, in renewal of other notes made by the same parties, and that no money passed at the making of these notes. The notes for which these in suit were made had been given for money loaned, and these notes being given in renewal thereof, they are based upon sufficient consideration. That part of the instruction complained of had nothing in the evidence making it applicable, and if there is error therein it is not prejudicial to the appellants.

1. PRACTICE: instruction: error without prejudice.

II. It is next urged, on behalf of both appellants, that there was error in rendering judgment against them for attorney's fees. If they are liable at all on the note to which their

signature is affixed, they are liable for these fees. They are
makers of the note, which, by its terms, stipulates
" that a reasonable sum to be fixed by the court for
attorney's fees shall be allowed and taxed as costs
*against the parties making the note*," etc. If they are liable
on the note, they are liable for the performance of the entire
contract contained therein.

2. SURETY: liability for attorney's fees: promissory note.

III. As to the separate defense of Hess, it is urged that
the court erred in overruling "appellant's objection to the
note for $4,000, and the mortgage accompanying the same,
and for which it was security by Breese, Whitlock & Co., to
Hess & Baehring."

There was oral testimony given by several witnesses, includ-
ing the officers of the bank and the appellants, in regard to a
mortgage, which had been made by Breese, Whit-
lock & Co. to Hess & Baehring to secure them
against liability on a note for three thousand dol-
lars, held by the bank. The abstract also shows that plaintiff
offered " in evidence October mortgage record." It does not
show any objections thereto. The abstract also shows that the
president of the bank was requested to " give the total num-
ber of loans and dates of all the loans made by Breese, Whit-
lock & Co., or Breese & Whitlock, or Robert Breese, signed
by Hess & Baehring, the amount and dates." Defendant
objected to this question as incompetent, which the court over-
ruled. The witness, in answering this question, stated that this
three thousand dollar loan was secured by the four thousand dol-
lar mortgage. There was no other objection to this evidence.
It was properly admitted upon the question as to whether Hess
had authorized his partner, Baehring, to sign the name of the
firm to the notes in suit, or had held him out by his previous
dealings with the bank as being thus authorized. All the
dealings between the parties, of this character, prior to the
execution of the notes sued on were competent for these pur-
poses, and all subsequent facts tending to show whether or
not Hess had knowledge of or approved the act of his partner
in signing the note, were also competent. Instruction 8½ com-
plained of is upon this theory, and is correct.

3. PARTNER-SHIP: authority of one to bind the firm: evidence.

IV. The sixth instruction is complained of. It is as follows: "The defendant, Baehring, was not authorized by virtue

4. ———: ——:
ratification.

of the partnership existing between himself and defendant Hess, to sign the name of the firm as surety for the debt of Breese, Whitlock & Co., unless the firm of Hess & Baehring was interested in the business of Breese, Whitlock & Co., but he might have authority of the firm to do so, or without such authority the signing might be ratified and approved by the firm after it was signed, and if so ratified, it would be equivalent to a previous authority, and direct and positive testimony is not required to show authority or a ratification, but may be sustained by circumstantial evidence. Such authority may be implied or inferred from the common course of business of the firm, or from the previous course of dealing between the parties, as, if the defendant Baehring had quite generally used the name of the firm as security for the firm of Breese, Whitlock & Co., to the knowledge of Hess, authority to do so will be inferred."

This instruction states familiar rules of law, and the feature thereof to which objection is made, viz, that an authority or ratification may be inferred from the common course of the business of the firm, is well established. See Story on Partnership, §§ 126, 127, and cases cited in notes; Story on Agency, §§ 54–56, and cases cited; Ib. §§ 84, 89, 92, 95, 96, and cases cited.

V. In the seventh paragraph of the charge of the court the jury were instructed that, "if the defendant, Baehring, had no authority to use the name of the firm in this instance, when used, yet if the defendant, Hess, after knowing of it, or having the means of knowing it, did not dissent from or disclaim it, a ratification will be inferred; but if he did not know it, or did not have the means of knowing it, it will not be inferred."

It is insisted that this instruction is erroneous in holding that a ratification might be inferred, although Hess did not have knowledge of the act of his partner in signing the firm name to the notes sued on, if he had the *means* of knowledge and did not dissent from or disclaim the act. Conceding this

to be erroneous, it was without prejudice to the defendant. The whole of the evidence is before us in the record, from which it very satisfactorily appears that Hess did have actual knowledge, and that he did not dissent or disclaim the act. That he had knowledge that his partner had signed the firm name to the note, the evidence is very satisfactory, and it is equally so that he did not dissent therefrom, or disclaim his authority to bind the firm thereby.

Even Hess himself shows in his testimony that he acknowledged that the firm had been liable on the notes. He claimed that he, individually, was not liable, but as to the firm of Hess & Baehring, he " considered that they were released from all liability incurred for Breese, Whitlock & Co. by Mr. Baehring on the ground that the bank had not given us timely notice." Thus he admits that a liability had been incurred for Breese, Whitlock & Co. by Mr. Baehring signing the firm name to the notes in this case. He acknowledged that the liability had existed, but claimed that they had been released therefrom by a failure to give notice. This question of notice, however, is not in the case.

The evidence is such. that, if the objectionable language had been omitted from the instruction, the verdict must have been the same that it is. The giving of an erroneous instruction, which, under the testimony, could work no prejudice to the party complaining, will not be regarded as reversible error. *Middleton v. Middleton*, 31 Iowa, 151; *State v. Guisenhause*, 20 Id., 227; *Bondurant v. Crawford*, 22 Id., 40; *McNally v. Shobe*, 22 Id., 49; *Ocheltree v. Carl*, 23 Id., 394; *Shafer v. Grimes*, 23, Id., 550; *Hunt v. C. & N. W. R. Co.*, 26 Id., 363.

What has been already said disposes of all the questions presented in argument. Finding no error to the prejudice of appellants, the judgment will be

AFFIRMED.