## WESTCOTT v. WESTCOTT.

1. **Gift:** PRESUMPTION FROM POSSESSION: EVIDENCE TO OVERCOME. The defendant, as against his mother's administrator, claimed that certain money which he had loaned, and for which he held the notes payable to himself, was given to him by his mother, before her death, with the intention that it should be his absolutely. *Held* that the possession of the money by him, and the execution of the notes to him, raised a presumption of ownership in him, which was not overcome by the other evidence in the case, which consisted of declarations and statements of the mother in regard to her intentions with reference to the division of her property, even if such declarations were competent.

2. **Evidence:** DECLARATIONS OF DECEASED PERSONS. The law will not permit the declarations of a deceased person to be introduced in evidence in favor of his administrator, unless they were, when made, against his own interest.

*Appeal from Cerro Gordo District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, DECEMBER 20, 1887.

ACTION in chancery to restrain defendant from disposing of certain promissory notes in his possession, and for the appointment of a receiver to hold the same pending the action, on the alleged ground that the notes are the property of the estate of which plaintiff is administrator, and that defendant is insolvent. A decree as prayed for by plaintiff was rendered. Defendant appeals.

*Blythe & Markley,* for appellant.

*John C liggitt,* for appellee.

BECK, J.—I. The plaintiff is the administrator of the estate of Mary Horning, deceased. The plaintiff and defendant are both sons and heirs of the decedent.

The plaintiff, as the ground for relief, claims that certain promissory notes, payable to, and in the possession of, defendant, are the property of the estate, having been executed to defendant for money of the decedent, which, in her lifetime, he had received to be loaned, and, on loaning it, took the promissory notes and securities given therefor in his own name. Defendant maintains that the money loaned was his own; that he had received it from his mother in her lifetime as a gift, and that it was her purpose that it should become his property absolutely, free from any claim by her or her estate.

II. The only question in the case is one of fact, and involves the decision of the issue as to the ownership of the money for which the notes in controversy were given. If the money was given to defendant by his mother, as he claims, he is entitled to retain the notes; if not, they or their proceeds must be surrendered to plaintiff; or, if the notes have been paid, he must have judgment against defendant for the amount of the notes, with interest. Our inquiries, therefore, are limited to the one question,—did his mother give the money to defendant?

The evidence on neither side is wholly satisfactory, but, in our opinion, the preponderance is for defendant. In the first place the possession of the money by defendant, and the execution of the notes to him, raises a presumption of ownership in him. To overcome this presumption, plaintiff relies almost wholly upon declarations and statements made by the mother. They are to the effect that she intended to divide all of her property at her death between her children, retaining it for her own use as long as she lived; no declarations or statements to the direct effect that she had not given the money to the defendant, or that, after its receipt, it was held by him as her agent or for her use. If these declarations are to be regarded as a claim made by the mother to the property, not being against her own interest, but in support of it, they are not competent to defeat the adverse claim of defendant. We believe the rules

of the law will not permit declarations of a deceased person to be introduced in evidence, unless they were, when made, against his interest. 1 Greenl. Ev. sec. 147. Under our statute such is the rule as to witnesses. Code, sec. 3657. See *County of Mahaska v. Ingalls*, 16 Iowa, 81; *State v. Wooderd*, 20 Iowa, 541. But, as we have said, the declarations are almost wholly expressions of intentions and purposes to be executed in the future. If they should be regarded as competent evidence, they could not, in our opinion, overcome the presumption arising from the possession of the money by, and execution of the notes to, defendant. Intentions and purposes may be changed, and proof of their expression raises but a slight presumption against subsequent acts.

The evidence for defendant discloses frequent declarations of the deceased to the effect that she had given the money to defendant. In addition to this evidence, it appears that the decedent never made any claim to the notes, or the money for which they were given, to the person who made the loans and took the security for defendant, though it appears from plaintiff's evidence that she knew this person had made the loans, and that she had an interview with him before her death, in which she expressed a wish as to the disposition of her property. Other facts and circumstances tend to support defendant's claim of title to the notes. They need not be here mentioned, as their discussion would not be of profit to the parties or of interest to the profession.

The decree of the district court is reversed, and plaintiff's petition is dismissed.

REVERSED.