COLUMBIA ELLIS *et al* Appellees, v. SAMUEL NEWELL, Appellant AND FLORA NEWELL *et al* Defendants.

**Advancement:** GIFT: BURDEN OF PROOF. A voluntary conveyance to a child is presumed to be an advancement, and the burden is on him who claims it to have been a gift to establish that fact.

**Subsequent Declarations of Donor:** WHEN ADMISSIBLE. Subsequent declarations of the donor, not a part of the *res gestæ*, are inadmissible to show that a conveyance to a son is a gift rather than an advancement.

Gift; EVIDENCE OF: In a suit for partition, the widow of intes-
3 tate, who is a party thereto, is an incompetent witness to show
that a transfer to a son was a gift rather than an advance-
ment.

*Appeal from Wapello District Court.*—HON. M. A.
ROBERTS, Judge.

FRIDAY; APRIL 10, 1903.

SUIT in equity for the partition of real estate. From
a decree finding that a conveyance of land from a common
ancestor to defendant Samuel Newell was an advancement,
he (Newell) appeals.—*Affirmed.*

*W. R. Wilson* and *McNett & Tisdale* for appellant.

*Jaques & Jaques* for appellees.

DEEMER, J.—T. J. Newell died intestate, August 19,
1900, seised of five hundred and eighty-eight acres of land
in Wapello county, Iowa. He left surviving a widow,
Margaret Newell, who is defendant in this case, ten
children, nine of whom were daughters, seven of these
being plaintiffs in the case and two defendants, and one
son, Samuel, who is appellant. The action was brought to
partition the lands belonging to the deceased at the time
of his death. The widow's distributive share seems to have
been determined in probate before this action was tried;
but an appeal was taken by plaintiffs from the order
alloting her share.

In January of the year 1900, T. J. Newell bought of
one Dolts ninety-three and one-half acres of land, paying
him $3,500 therefor, but the title to the land was taken in
the name of Samuel, who held it at the time of trial. The
deed conveying the property is an ordinary warranty
deed, for the consideration heretofore named, and it
expressly recites that the consideration was paid "by T.
J. Newell for Samuel Newell." Plaintiff contended, and

the trial court found, that this constituted an advance-
ment to Samuel, which should be taken into account
in making the partition.

Samuel Newell contends that the transaction was a
gift, and that in addition thereto he should receive a share
of the real estate. The value of the estate, after deduct-
ing the widow's share and other charges, is
about $20,000, so that if the purchase price for
the Dolts land is treated as an advancement

1. ADVANCE-
MENT: gift;
burden of
proof.

Samuel Newell has already received something like $1,000
more than his share. The issue between the parties is
thus sharply defined, and the law involved is well under-
stood, except as it bears upon the admissibility of evidence
in cases of this character. The nature of an advance-
ment has been so often stated that we need not take up
space with a definition of the term. Moreover, it is now
well established doctrine in this state that a voluntary con-
veyance from parent to child is presumed to have been an
advancement, and the burden is upon him who claims it
to have been a gift to prove it.

The gist of the whole matter is the intent of the donor
at the time of the transfer, and this may be established by
his declarations prior to the time of the transfer or contem-
poraneous with it. *Middleton v. Middleton*,
31 Iowa, 153; *Phillips v. Phillips*, 90 Iowa,
541; *Cline v. Jones*, 111 Ill. 563; *Merkel's*

2. SUBSEQUENT
declarations
of donor;
when inad-
missible.

*Appeal*, 89 Pa .340; *Eastham v. Powell*, 51 Ark. 530 (11 S.
W. Rep. 823); *Powell v. Olds*, 9 Ala. 861. But such dec-
larations, like other admissions, are generally regarded as
unsatisfactory evidence on account of the ease with which
tl ey may be fabricated, the impossibility of contradiction,
and the consequences which the slightest mistake or fail-
ure of memory may produce. *Baker v. Leathers*, 3 Ind.
558; *Martin v. Town of Algona*, 40 Iowa, 390. Whether
or not subsequent declarations made to a stranger are
admissible is a proposition on which the authorities are in

hopeless conflict. When so close to the main transaction
as to be part of the *res gestœ* they are no doubt competent,.
and whenever it may be said that they are against the·
interest of the declarant they are doubtless admissible.
The character of the transaction is fixed when made;
although an advancement may be changed to a gift. *Sher·
wood v. Smith*, 23 Conn. 516. But a gift cannot be con-
verted into an advancement simply by the will of the·
donor. *Lawson's Appeal*, 23 Pa. 85.

Samuel Newell is relying upon certain declarations·
made by T. J., his father, long subsequent to the convey-
ance, tending to show that the transaction was a gift. The·
declarations were not part of the *res gestœ*, and, if admis-·
sible at all, the evidence being hearsay, it must be because·
such declarations were against interest. There are cases
holding that they are. *Gunn v. Thurston*, 13 Mo. 339 (32:
S. W. Rep. 654); *Watkins v. Young*, 31 Grat. 84; *McDear-·
man v. Hodnett*, 83 Va. 281 (2 S. E. Rep. 644); *Autrey v.
Autrey's Adm'r.*, 37 Ala. 614. ·But we do not regard these·
cases sound on principle or sustained by. authority. The·
interest of the declarant, which makes his derogatory
admissions or statements admissible, is a pecuniary, or
proprietary one, and even in such-cases these declarations
are not generally received when the title of a third person
is involved. *Westcott v. Westcott*, 75 Iowa, 628; Greenleaf
Evidence (14th Ed.) section 147; *County of Mahaska v.
Ingalls*, 16 Iowa, 81; *Moehn v. Moehn*, 105 Iowa, 710.

Were the declarations said to have been made in this
case by T. J. Newell after the deed to Samuel statements
derogatory to any pecuniary, or proprietary interest held by
him in the property? We think not. An advancement is a
gift, and after it is made the donor has no interest whatever
therein, although, as we have said, he might doubtless have
converted it into a simple gift. But there is no claim in
this case that he did so, and all the testimony offered had
reference to the donor's intention at the time the deed was

made.   Whether gift or advancement, the donor lost all pecuniary interest in the property.

The only parties in interest in such cases are the survivors of the donor.   They, of course, had an interest in knowing whether or no the property should be brought into hotchpot or treated as a pure gift, but the donor had no further pecuniary or proprietary interest in it.   Under the statutes of this state advancements for the purpose of distribution and division are treated as part of the estate, but for no other purpose.   The donee cannot be required to refund any portion thereof, nor can they be taken for debts. Code, section 3383.   Indeed, they create no right of . property in the estate.   *In re Will of Miller*, 73 Iowa, 118. T. J. Newell never at any time owned the property in this case.   The conveyance was from Dolts to Samuel Newell, and the transaction was either a resulting trust, a gift pure and simple, or an advancement.   His declarations to the effect that it was not a resulting trust were no doubt admissible for they would clearly be against interest, as in *Culp v. Price*, 107 Iowa, 136.   But there is no claim of resulting trust in the case.   The transaction was a gift or an advancement, and in either case the donor lost all interest in the property when the conveyance was made.   This exact point was ruled adversely to appellant in *Thistlewaite v. Thistlewaite*, 132 Ind. 355 (31 N. E. Rep. 496.)   See, also, *Frey v. Heydt*, 116 Pa. 601 (11 Atl. Rep. 535); *Hatch v. Straight*, 3 Conn. 31, (8 Am. Dec. 152); *Williams v. Williams*, 32 Beav. 370; *House v. Woodard*, 5 Cold. 201; Thornton on Gifts, section 587; *Rumbly v. Stainton*, 24 Ala. 712.   In *Middleton v. Middleton*, 31 Iowa, 151, dying declarations of the donor were offered in evidence to show the character of the transaction.   It was there held that such declarations were inadmissible.   True, the discussion went to the point of their being admissible as dying declarations, but had they been admissible as against interest or as evidence of intent the court doubtless

would have so held.   We do not think subsequent declarations, not a part of the *res gestœ*, are admissible to show that a transfer was a gift rather that an advancement.

II.   But one other question of law is involved and that the admissibility of certain testimony from the widow, Margaret Newell, regarding personal communications and

3: Gift: evidence of: admissibility.

transactions had with her deceased husband to the effect that the transfer in question was a gift and not an advancement.   The witness was a party to the suit, and under the express language of the statute she was an incompetent witness.   *McCorkendale v. McCorkendale*, 111 Iowa, 314.   In *Conger v. Bean*, 58 Iowa, 321, relied upon by appellant, the case as to the witness had in effect been dismissed.   The widow was a proper party to this suit, and she was never dismissed therefrom.   True, while this suit was pending she secured an allotment of her share in the probate court, but plaintiffs have appealed from that order to this court, and there is no reason for saying that she was not a party or interested in this suit.   Her testimony was inadmissible.   ·

III.   Having now disposed of the law question, we go to the facts, in the light of the law thus announced, and with other well settled and undisputed rules in mind, have no difficulty in concluding that the decree of the trial court is correct.   The whole doctrine of advancements is founded on the old equitable maxim that "equality is equity;" hence the rule that in such a case as this the transaction is presumed to be an advancement, with the burden on him who claims otherwise to prove it.   We think defendant has failed to show that the deed was a simple gift to him.   The testimony as to what occurred when the deed was made is clear and convincing, and points almost conclusively to the thought that an advancement was intended.   Such evidence is much more potent than random statements, either before or afterward. Moreover, the conduct of Samuel has not at all times been

consistent with his present claim.   The prior declarations made by T. J. Newell are about as consistent with one theory as the other.   Taking the case as a whole, we are satisfied that the trial court arrived at a correct conclusion.   It is not our custom to set out the evidence on which we base our conclusions, and there is no reason here for departing from the rule.

The decree of the district court is AFFIRMED.