*310
 
 DANIEL J.
 

 Isaac Brown, by his will, devised and be-queated to his wife and children severally, lands and personal property. And he then concluded his will thus: “I desire that my lands known by the name of the Lee and Dorch places and Stephen Brown place, and all the rest of my land not disposed of, to be sold or rented at the discretion of my executors to the best advantage of the
 
 heirs,
 
 and to be disposed of at the will of my executors, and the proceeds of the same and my money, notes and crop and stock to be disposed of
 
 as the law
 
 directs.” Tlie executors, in their bill, ask the court to put a construction on this residuary clause in the will, and to declare who are entitled to. the property contained in it. We think, that, as to the fund made up of the money, notes, crop and stock, it is plain that the testator has bequeathed it to a class of legatees, who are to be ascertained by learning, who would take under the statute of distributions. They are the persons, whom the
 
 law
 
 would
 
 direct
 
 to take, if Isaac Brown had died totally intestate. These persons take as legatees, including the wife, children, and the children of deceased children, at the death of the testatpr. The testator has not directed the fund to be
 
 equally divided;
 
 therefore, the persons to take as legatees, and the proportions they are to take, must be determined by the statute of distributions : they do not take
 
 per capita. Freeman
 
 v
 
 Knight,
 
 2 lred. Eq. Rep. 76.
 
 Croom
 
 v
 
 Herring,
 
 4 Hawks 393.— Secondly; The testator has not directed, that the lands mentioned in this clause should be converted
 
 out
 
 and
 
 out
 
 into money, and mixed with the personal estate. He has only given his executors power to sell or rent, as may be for the best advantage of the
 
 heirs.
 
 The following words in the clause: “ to be disposed of at'the will of my executors, and the proceeds of the same, and my money, notes, crop &c. to fee disposed of as the law directs,” were only meant to give the executors power to make partition among the legatees and devisees, instead of expense being incurred in having the same done by commissioners ordered by court. The intention was, that the executors should divide the lands and rents, or the money arising from the sales of the lands, if the executors should think proper to sell them, among the
 
 heirs,
 
 
 *311
 
 in such proportions as they would take by the statute regulating descents of real estate; and to divide the personal fund among such persons, and in such proportions, as are prescribed by the statute of distributions, if it had been a case of intestacy. The executors have not an arbitrary discretion. They are to dispose of both funds “
 
 as the law directs
 

 Thirdly
 
 : This is not a case in which advancements are to be brought into hotchpot. With respect to personal property, it is clear law that there are no advancements in cases of partial intestacy. There would, therefore, have been no ground for requiring advancements to be brought into hotch-pot in the present case, so far as.the personalty is concerned, had this been a case of partial intestacy. But we hold, as has been heretofore stated, that there is in this will a disposition of the whole personal estate. It was determined in the case of
 
 Norwood
 
 v
 
 Branchy
 
 2 Law Repos. 598, that the law was otherwise when there was a partial intestacy with respect to lands. We forbear from giving a direct opinion on the doctrine there asserted. It has certainly not been satisfactory to the profession, and, we have reason to know, was afterwards disapproved of by those who made the decision. But, if that case be law, it does not apply when the testator has in his will made a disposition of all the proceeds of lands, which have not been given away in specie.
 

 The decree will be drawn accordingly.
 

 Peb Curiam. Decree accordingly.