## LEWIS v. ATKINSON.

15  361
80  491

1. MORTGAGE: PARTITION. The owner of an undivided interest in real estate conveyed the same by mortgage, after which proceedings for partition were had, to which the mortgagee was not made a party, and in which the property was sold. It was' *held*, that the mortgagee was not divested of his lien upon the land by the sale, and that he could maintain a foreclosure proceeding against the same thereafter.

2. SAME. If the mortgagee was made a party to the partition proceedings, and the land was sold to a stranger, his lien would attach to the proceeds of the sale; but as to whether the same rule applies where the lands or interest mortgaged are, at the partition sale, purchased by the mortgagor, *quære*.

*Appeal from Blackhawk District Court.*

SATURDAY, DECEMBER 12.

THE case, as stated by appellant's counsel, is this: Daniel Virdin owned an undivided two-fifths of certain lands. While such owner, he incumbered the same by mortgage, and afterwards brought his action of partition. To this proceeding the mortgagee was not a party. Under an order of court, the entire lands were sold by referees, one Isaac Virdin purchasing the lands in dispute, and sold the same to defendant Atkinson. After this, plaintiff, the holder of the mortgage, brought his suit to foreclose the same, obtained a decree accordingly, had execution, and thereunder purchased the undivided two-fifths so mortgaged by Daniel Virdin. He afterward brought his action for partition, and had the same lands assigned to him as were before sold to Isaac Virdin. In an action of right, based upon this title, plaintiff recovered, and defendant appeals.

*C. D. Gray* for the appellant.

*B. W. Poor* for the appellee.

Nichols v. Levins.

WRIGHT, J.—The only point made in the argument is, that after the decree of partition in the action brought by Daniel Virdin and the sale thereunder by the referees, the mortgage lien of plaintiff attached to the proceeds of the sale of the incumbered portion, and not to the land itself; and that, as a consequence, defendant's title is paramount to that of plaintiff.

Assuming that defendant can make this point at this stage of the controversy, after the foreclosure and partition, we are nevertheless very clear that it cannot avail him. Plaintiff was not a party to the partition proceedings commenced by Daniel Virdin, and if it be admitted, that, when a party, he must look to the proceeds and not the property for the satisfaction of his debt, it by no means follows that he must do so when not in court, nor in a position to protect his rights. The provisions of the Code of 1851 (§§ 20, 30, 31,) referred to by counsel, and in force when the partition was ordered, were not intended to turn the mortgagee over to the proceeds of the sale in a case to which he was not a party. If a party, and the lands are sold to a stranger, the charge would attach to the proceeds. But would this rule apply, when the lands, or the interest mortgaged, was bought in, at the referee's sale, by the mortgagor?

Decree affirmed.