APLINGTON *et al.* v. NASH *et al.*

Partition: ATTACHMENT, SALE AND DEED OF PLAINTIFF'S INTEREST PENDING PARTITION SUIT : RESULTING RIGHTS. Plaintiff was the owner of an undivided interest in real estate, and she brought her action for partition. After the action was begun, D., a creditor of hers, brought an independent action against her, wherein he attached her interest in the real estate. He prosecuted his action to judgment whereby the attachment was confirmed, bought in the attached property at execution sale under the judgment,

Aplington v. Nash.

and one year thereafter procured a sheriff's deed therefor. Actual partition was found impossible, and a sale was ordered, but was not made until after the execution of the sheriff's deed aforesaid. D. was at no time made a party to the partition proceedings. Plaintiff's share of the proceeds of the land was more than the amount of D.'s judgment, with interest and costs, and he intervened and claimed the entire share of plaintiff. *Held* that he was entitled to it, as the judicial sale of plaintiff's interest in the land to him had the same effect as if she had voluntarily conveyed to him pending the partition suit. If plaintiff desired to limit D.'s right to the amount of his attachment lien, she should have made him a party to the partition suit before the sheriff's sale and deed, under sections 3281 and 3287 of the Code. Section 2628 of the Code did not, on account of the pendency of the partition suit, deprive D. of the right to obtain a lien by attachment.

*Appeal from Butler District Court.*—Hon. John C. Sherwin, Judge.

Filed, June 4, 1890.

This is an action for the partition of real estate. Pending the action, the intervenor, James Dobbin, commenced a suit by attachment, and recovered judgment against Mary A. Aplington, the plaintiff, who was the owner of one undivided eighth of the land, and the writ of attachment was levied on her undivided share. Special execution was issued on the judgment, and the said undivided one-eighth was sold at sheriff's sale to the plaintiff therein, and, in one year after the sale, a sheriff's deed was made to Dobbin for the interest so sold. It was determined that the land could not be divided between the owners in common, and the same was sold by referees appointed by the court, and the sale was approved. Dobbin was made a party to the partition proceedings, and he claimed that he was entitled to all of the money due to Mary A. Aplington. The court determined that he should be paid the amount of his judgment and costs and interests. The amount due Mary A. Aplington or her assignees exceeded the amount of Dobbin's judgment and costs, and he appeals.

*J. H. Scales,* for appellant.

*G. M. Craig,* for appellee

ROTHROCK, C. J.—The action for partition was commenced in the district court on the fifteenth day of April, 1886. On the fourth day of November, in that year, the parties stipulated that the premises could not be equitably divided. A commission was issued to referees on the twenty-fourth day of November, 1886. The referees refused to serve, and others were appointed, who qualified according to law, and the real estate was sold by the referees in the month of June, 1888. Dobbin commenced his action against Mary A. Aplington in the circuit court on the sixteenth of July, 1886, and her interest in the land was attached on the same day; and on the thirteenth day of October, 1886, judgment was rendered, and the attachment was sustained, and her interest in the land was sold by the sheriff to Dobbin on the twenty-fifth day of November, 1886, and a sheriff's deed made in one year thereafter. It will be observed from the foregoing facts that the action by attachment was commenced while the action for partition was pending, and both actions proceeded without reference to each other. But when the levy of the attachment was made, and when the sheriff's sale took place, and the sheriff's deed to Dobbin was executed, the land remained undivided. Mary A. Aplington was a tenant in common in the land until it was sold by the referees in June, 1888, which was several months after the sheriff's deed was made to Dobbin. The question to be determined, as stated by counsel for appellee, is "whether the intervenor, James Dobbin, is entitled to the land which was the interest of Mary Ann Aplington, or the entire proceeds thereof, or only the amount of his judgment as found by the court." We incline to think that the attachment and sheriff's sale and deed divested Mrs. Aplington of all

interests she had in the land.   If the sale, or it may be, if the deed, had been made after the land was sold by the referees in partition, it is probable that all the interest Dobbin would have taken would have been a lien on the money realized from the sale by the referees. No one had the right to question the validity of the attachment proceedings except the defendant therein, and it appears to us that the effect of the sheriff's deed was the same as if Mrs. Aplington had, at the time the same was executed, made a conveyance of her interest to Dobbin.. Section 2628 of the Code provides that, ''when a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed.''

It is claimed by counsel for appellee that under this statute Dobbin acquired no right to any interest in Mrs. Aplington's share of the land. But the court below held that he did acquire a right in the proceeds of the sale. If she could make a valid conveyance of her interest pending the partition suit, it was surely competent for her creditors, by judgment, execution and sale, to invest themselves with whatever right she had. If it was desired to limit Dobbin's right to the amount of his attachment lien, he should have been made a party to the action in partition before the sheriff's sale and deed, as provided by sections 3281 and 3287 of the Code. Section 3287 is as follows: "If the lien is upon one or more undivided interests, the holder thereof shall be made a party, and the lien shall, after partition or sale, remain a charge upon the particular interests or the proceeds thereof.   *   *   *''

In *Lewis v. Atkinson*, 15 Iowa, 361, it was held that, where the owner of an undivided interest in real estate mortgaged the same, after which proceedings for partition were had, to which the mortgagee was not made a

party, and in which the property was sold, the mortgagee was not bound by the partition, and he had the right to maintain an action in foreclosure after the sale in partition, and that the mortgage lien did not attach to the proceeds of the sale in partition. Mary A. Aplington was one of the plaintiffs in the suit in partition. Dobbin had the undoubted right to put his claim in the form of a lien pending the partition proceedings. He was not required to make himself a party thereto, and, not having been made a party, he was in no manner affected thereby, and had the perfect right to proceed with his attachment suit to judgment, execution, sale and deed; and, having pursued that course, it appears to us that he acquired all the rights which Mrs. Aplington had in the land at the time the sheriff's deed was executed and delivered to him. In holding that Dobbin was in no manner affected by the partition suit, we do not mean that the partition was void as to him, but that he had the right, by his attachment and sale of Mary Aplington's interest, to put himself in her place, and take her interest. The decree of the district court is                                                        REVERSED.