C. H. and L. J. McCormick v. Henry Hanks, Margaret Hanks, *et al.*, Appellants.

| 105 | 639 |
| 115 | 147 |
| 105 | 639 |
| 120 | 426 |
| 105 | 639 |
| 132 | 666 |

**Executors and Administrators:** LIENS: *Priorities.* The equitable lien which a judgment creditor establishes upon a devise to the judgment debtor before the executor has taken steps to enforce the payment of notes due from the devisee to the estate, prevails over any interest which the executor may have to subject the devise to the payment of the notes.

Charges against devisee. Notes executed by a son to his father in 1872 and 1873, which passed to his mother as sole legatee of his father on his death, in 1877, cannot, on the death of his mother, in 1895, in an action to subject his interest as devisee in her estate to a judgment, be considered valid obligations, where no attempt was made by his mother to enforce them during her lifetime, and her executor did not list or treat them as assets of the estate.

Advancements. The doctrine of advancements applies only to intestate estates and not to bequests or devises.

Rule applied. Money paid by a testator to a devisee before the making of the will, and which is not mentioned therein, will be considered as a gift.

*Appeal from Buena Vista District Court.*—Hon. Lot Thomas, Judge.

Saturday, May 21, 1898.

Plaintiffs are judgment creditors of Henry Hanks, and they bring this action in equity to subject his interest in certain real estate to the payment of their claim. The decree below was in plaintiff's favor, and defendants appeal.— *Affirmed.*

*Milchrist & Robinson* for appellants.

*A. D. Bailie* for appellees.

Waterman, J.—Plaintiff's judgment was rendered November 9, 1876. Henry Hanks, by the will of his mother, who died December 4, 1895, obtained an interest in certain real estate, upon which said judgment is by this proceeding made an equitable lien, unless it be for the matters hereafter stated. Prior to the death of his mother, Henry Hanks deeded his interest in her estate to his sister and co-defendant Margaret A. Hanks. This deed was, however, claimed only as a mortgage, and it was so allowed by the trial court, and Margaret A. Hanks was given by the decree a first lien on the real estate in question for the amount of one hundred

and eighty-eight dollars and eighty cents, with interest thereon at six per cent. from December 14, 1896, and eighteen dollars and eighty cents attorney's fees. No exception was taken by plaintiffs to this finding, nor do they appeal therefrom. It is therefore final.

II. We come now to the next defense interposed. William Hanks was the father of Henry. He died September 19, 1877, making his wife his sole devisee. On May 4, 1872, Henry Hanks executed to his father a promissory note of that date, due in one year, for one hundred dollars, bearing six per cent. interest. Thereafter he executed another note, payable also to his father, bearing date April 1, 1873, running one year, for the sum of one hundred and seventy-five dollars, with six per cent interest; and on May 21, 1877, he executed this further instrument: "$200.00. Storm Lake, Iowa, May 21, 1877. Received of William and Margaret Hanks $200, to apply on final settlement of his estate. Henry Hanks." It is claimed that these instruments were valid obligations of Henry Hanks; that they passed to his mother by devise from his father; and that any interest he has in his mother's estate is subject, first, to pay these amounts. The various devisees are parties defendant herein, and this claim is made in their behalf.

III. We will first consider the question as to the two notes, for the receipt stands on a different basis. The facts of the case were nearly all stipulated. Those that are material, and which have not already been stated, are as follows: George, a brother of defendant Henry, is executor of the mother's estate. In his inventory of the estate he says that "the only personal property belonging to the estate was a small amount of household furniture, and same have been turned over to a daughter of deceased and $300 in cash." The executor is one of the devisees. The notes were not.

listed or treated as assets of the estate, and it seems clear that they were never considered as liabilities of Henry Hanks until plaintiffs asserted their claim. There is another thought in this connection. The executor is, at most, but a simple contract creditor, while plaintiffs have established an equitable lien on the real estate. The interest of Henry Hanks was a devise. He took, not through the executor, but directly from decedent. Before any steps were taken by the executor to enforce payment of the notes, plaintiffs' lien had been established. Under the circumstances, we think plaintiffs' claim must prevail.

IV. As to the receipt, the claim made is that it was given as an advancement, and that the amount must be deducted from the share of Henry Hanks. But we think that the money, if any, evidenced by this receipt, must be considered a gift. The doctrine of advancements applies only to intestate estates. *In re Estate of Lyon*, 70 Iowa, 375; *Nettleton v. Nettleton*, 17 Conn. 542; *Coleman v. Smith*, 55 Ala. 368; *Green's Ex'r v. Speer*, 37 Ala. 532; *Brown, v. Brown*, 37 N. C. 309.

V. It was stipulated that the interest of Henry Hanks in the estate is worth seven hundred dollars, and subject to the lien of Margaret Hanks, the plaintiffs' lien thereon was established in the sum of four hundred and ninety-two dollars and forty cents, with interest at six per cent. from December 14, 1896. This is the amount due on the judgment. This action of the court is approved, and its judgment AFFIRMED.