M. L. KINNEY, Appellant, v. J. G. NEWBOLD, Administrator of Estate of Jacob S. Kinney, Deceased.

Advancements:   DEBT:   *Wills.*   An instrument given by a son to his father, wherein he acknowledged himself indebted in a certain sum as an advancement, and agreed to pay interest thereon, which was to be deducted from his share of the estate, is an evidence of indebtedness, and not of a mere advancement; and the subsequent execution of a will, in which the same was not recognized, did not convert the alleged advancement into a gift.

SETTLEMENT OF DISPUTED CLAIM BY EXECUTOR.  Where an executor held a claim against the testator's son, amounting to more than such son's share, which the son alleged was an advancement and became a gift by the subsequent execution of a will, and the executor delivered possession thereof to the son on his executing a receipt in full payment of his share, the receipt will be deemed binding as a settlement, and the executor cannot be charged with the payment of a further sum on account of the son's interest, whether the instrument be deemed evidence of a debt or an advancement.

*Appeal from Henry District Court.*—HON. W. S. WITHROW, Judge.

THURSDAY, DECEMBER 19, 1901.

VOL. 115 IA—10

THE appellant filed objections in the lower court to the final report of defendant as admistrator, and asked an order of distribution of the estate by which appellant should receive a further sum by way of distributive share than allowed him by the report. His application was refused, and he appeals. —*Affirmed.*

*R. S. Galer* for appellant.

*Babb & Babb* for appellee.

McCLAIN, J.—It appears that Jacob S. Kinney died in 1897, leaving a will, which was duly probated, defendant being appointed executor. Among the papers of the estate was found an instrument reading as follows: "Mt. Pleasant, Iowa, March 20, 1900. I, Martin L. Kinney, son of Jacob S. Kinney, hereby acknowledge myself indebted to Mr. Jacob S. Kinney in the sum of twenty-one hundred ($2,100) dollars as an advancement on my share of his estate after his death, and I hereby agree and promise to pay said estate, with 4 per cent. interest from this date on said sum (the above amount), which is to be deducted from my interest in said estate, for value received. No statute of limitations to interfere with this agreement to make same null and void, etc. The above being a part of my interest in said his estate. M. L. Kinney." Some dispute arose in the settlement of the estate as to whether this obligation, signed by appellant, constituted an asset on which appellant was liable; and finally an arrangement was made between the executor and appellant by which the instrument was surrendered to appellant on his executing a receipt as follows: "Mt. Pleasant, Iowa, Aug. 11, 1899. Received of J. G. Newbold, administrator of the estate of Jacob S. Kinney, deceased (a note treated as cash), seventeen hundred and nineteen dollars and sixty-three cents, amount due me in full from the estate of my father, Jacob S. Kinney, deceased, in final settlement

of said estate by the administrator, J. G. Newbold. M. L.
Kinney. $1,719.63. Voucher 23." Appellant contends
that the instrument executed by him to deceased evidenced
an advancement, and not a debt, and that the subsequent
execution of the will converted the advancement into a gift,
under the well-recognized rule that advancements prior to
the making of a will, and not by the testator deducted from
or recognized as an offset to the share given by the will, will
not be taken into account in reduction of a devise under the
will. *In re Lyon's Estate*, 70 Iowa, 375; *McCormick v.
Hanks*, 105 Iowa, 639. This instrument, however, as it
seems to us, shows something more than an advancement.
It is an acknowledgment of indebtedness, and includes an
agreement and promise to pay the sum of money, with interest, coupled with the further provision that the amount
named is to be deducted from appellant's interest; the evident intention being that the sum called for should not be
paid until the death of Jacob S. Kinney, and that on his
death it should be satisfied by deduction from any devise
made to him. It is well settled that a devise to one indebted
to testator does not extinguish the debt, and the amount of
such indebtedness, if remaining unsatisfied until testator's
decease, is to be diminished, as far as necessary, for the satisfaction of the indebtedness. 2 Woerner, Administration
[2d Ed.] 976; Schouler, Executors [3d Ed.] 470. It would
seem, therefore, that appellant was indebted to the estate
at least to the extent of his interest therein, and has
no remaining claim under the will. At the time of
the execution of the receipt above set out there could
be a legitimate controversy as to whether appellant did not
owe to the estate, beyond the amount of his interest under
the will, the balance of the sum called for by his written
obligation; while it might also be legitimately contended on
the other hand that the obligation was evidence of a gift or
advancement, which should not, to any extent, be charged
against him in the distribution of the assets of the estate.

These questions were questions of law, but not of fact. In the settlement of these controversies as to the legal effect of the instrument it could be agreed, as it was, that appellant should be relieved from liability for any sum in excess of his share in the estate, in consideration of his relinquishment of such share in full satisfaction of the obligation evidenced by the instrument. This is exactly what was done. In case of a disputed claim, the creditor is bound by an acceptance of a portion of the debt in full accord and satisfaction of the whole. 1 Cyc. Law & Proc. 329. The receipt was executed, and the written instrument was delivered to appellant and destroyed. After the execution of the receipt, the executor proceeded at once to distribute the balance of the assets of the estate, and nothing remains in his hands for further distribution. It seems clear, therefore, that the receipt is binding as a settlement, and that the executor should not be charged with the payment of any further sum to appellant on account of the interest released by such receipt, no matter what may be the view of the court as to the legal effect of the instrument. Either of the views above suggested would support the action of the lower court, and its decision is therefore AFFIRMED.