DAVID KIMBALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11968. Promulgated October 4, 1927.

The beneficiary of an estate is not liable to income tax in respect of income of the estate not received by him but held by the estate pursuant to the provisions of the will of the decedent until such time as the principal of certain advancements has been wiped out.

*Henry H. Kimball, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

11340°—28——33

This is a proceeding for the redetermination of a deficiency in income tax for the year 1923 in the amount of $242.55, arising from the addition to net income reported of $3,500 representing one-half of the income of property held by the executor of the estate until such time as advancements made to the petitioner should have been paid in full.

### FINDINGS OF FACT.

The petitioner is a resident of Boston, Mass., and was during the year 1923 a beneficiary under the will of his father, David P. Kimball, late of Boston, Mass., while the estate of the said David P. Kimball was in process of settlement.

Petitioner filed an income-tax return for the calendar year 1923 with the collector at Boston, in which return he included all income received from the estate, which was $3,500. In the audit of the return the Commissioner has increased this item by adding thereto $3,500 withheld by the executor in accordance with the provisions of the will.

The fourteenth clause of the will of David P. Kimball provided that the net annual income of the trust should be paid in equal shares to the testator's three children during their lives. The petitioner's share of the income of the estate for 1923 under the fourteenth clause of the will was $7,000.

The fifteenth clause of the petitioner's father's will provided as follows:

If at the time of my death my son shall be found indebted to my estate by way of advancements, I authorize and direct my executor and trustee to deduct from the net income, otherwise due and payable to him, one-half part thereof and to apply the amount so deducted from time to time to the reduction of such indebtedness until the same is paid in full. All advancements are not to bear interest either during my life time or after my decease and the deductions are to be made whenever and as often as any income is paid.

The amount withheld under the fifteenth clause of the will by the executor from the petitioner in 1923 was $3,500.

### OPINION.

SMITH: It was stipulated by the parties to this proceeding that the only issue to be decided by the Board is whether under the facts above found the amount of $3,500 withheld by the executor in accordance with the fifteenth clause of the will of David P. Kimball constituted income to the petitioner for the year 1923.

An advancement in its legal acceptation does not involve the idea of obligation of future liability to answer. *Yundt's Appeal*, 13 Pa. 575, 580; 53 Am. D. 496; *Kinney* v. *Newbold*, 115 Iowa 145; 88 N. W. 328.

In its legal sense, and as employed in the law of descent and distribution, an advancement is an irrevocable gift *in praesenti* of money or property, real or personal, to a child by a parent to enable the donee to anticipate his inheritance to the extent of the gift. 18 C. J. 911. See also *Osgood* v. *Breed*, 17 Mass. 356.

The law is well settled that an advancement creates no debt to the person making it and in all its features and in its very nature is distinguishable from a debt. *Dawson* v. *Macknet*, 42 N. J. E. 633, 635; 8 Atl. 312.

The petitioner is clearly liable to income tax in respect of the amounts of income paid over to him by the executor or trustee during the year 1923. That amount was $3,500. There is no question as to his liability in respect of that amount. We think, however, that he is not liable to income tax in respect of any portion of the income of the trust which he did not receive and had no right under the will to receive in 1923 or in any year thereafter.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

MARQUETTE, STERNHAGEN, MORRIS, MILLIKEN, and MURDOCK dissent.