*476 OPINION.
Smith:
It was stipulated by the parties to this proceeding that the only issue to be decided by the Board is whether under the facts above found the amount of $3,500 withheld by the executor in accordance with the fifteenth clause of the will of David P- Kimball constituted income to the petitioner for the year 1923.
An advancement in its legal acceptation does not involve the idea of obligation of future liability to answer. Yundt's Appeal, 13 Pa. 575, 580; 53 Am. D. 496; Kinney v. Newbold, 115 Iowa 145; 88 N. W. 328.
*477 In its legal sense, and as employed in the law of descent and distribution, an advancement is an irrevocable gift in praesenti of money or property, real or personal, to a child by a parent to enable the donee to anticipate his inheritance to the extent of the gift. 18 C. J. 911. See also Osgood v. Breed, 17 Mass. 356.
The law is well settled that an advancement creates no debt to the person making it and in all its features and in its very nature is distinguishable from a debt. Dawson v. Macknet, 42 N. J. E. 633, 635; 8 Atl. 312.
The petitioner is clearly liable to income tax in respect of the amounts of income paid over to him by the executor or trustee during the year 1923. That amount was $3,500. There is no question as to his liability in respect of that amount. We think, however, that he is not liable to income tax in respect of any portion of the income of the trust which he did not receive and had no right under the will to receive in 1923 or in any year thereafter.
Reviewed by the Board.

Judgment of no deficiency will he entered.

Marquette, Sternhagen, Morris, Milliken, and Murdock dissent.