LUCY FERGUSON, Appellee, v. AMOS HAMILTON et al., Appellees; CHARLES A. SWANSON, Appellant.

NOVEMBER 20, 1928.

R. G. Remley, for appellant.

Martin & Alexander and Burnstedt & Hemingway, for appellees.

FAVILLE, J.—On July 18, 1925, the appellee Ferguson filed a petition, praying the partition of certain real estate. One Brewer was the owner of an undivided interest in the real estate in question, and was made a party defendant in said proceeding. On September 16, 1925, a decree was entered in said cause, and a referee appointed, with authority to sell said real estate. The decree further provided that "said referee ascertain the amount of any incumbrances or liens against the share of Ralph Brewer, and report the same to the court." Thereafter, to wit, on or about the 3d day of December, 1925, the appellant filed in said court a transcript of a judgment against Brewer. No formal notice of the filing of said transcript of judgment was served upon the referee, and there is conflict in the evidence regarding the contention that oral notice of the filing of said transcript was given to the attorney for the plaintiff in the partition action. On or about the 20th day of October, 1925, the referee sold a portion of said real estate, and on said date filed his report of said sale. On the 19th day of November, 1925, the referee filed a report of distribution to the owners of said real estate, showing the amount of the share of said Brewer in said proceeds. On the 28th day of November, 1925, the referee filed an amendment to said report of distribution, and stated that, through inadvertence, he had failed to report incumbrances against the share of said Brewer, and reported two incumbrances,—one a personal tax, and the other a judgment,—both of which, we take it from the record, were of record against the said Brewer at the time the decree in partition was entered. The referee prayed in said report that he be authorized to pay the said incumbrances and pay to the said Brewer the balance of his share remaining in the hands of the

referee. On the 26th day of May, 1926, the appellant filed his objections to the distribution made to said Brewer, and insisted that the referee had failed to report the existence of the appellant's judgment against the said Brewer, and prayed that the court refuse to approve of the disbursements of said referee until an accounting was made to appellant for the full amount of the share of the said Brewer sufficient to satisfy the appellant's judgment. The referee filed a resistance to the appellant's objections to his report, and, among other things, alleged that, on December 1, 1925, he had been garnished on an execution in a case wherein the said Brewer was a defendant, and had paid to the sheriff the share of said Brewer under said writ of garnishment.

The arguments have taken a wide range; but, in its last analysis, the appeal presents but one question for our determination, and that is whether or not the appellant, who filed his transcript of judgment after the decree in partition had been rendered, and after the appointment of the referee, and after sale of the real estate, did, by said act alone, create a lien at that time upon the interest of his debtor in the partition suit, which became a lien either against the real estate or the proceeds of the sale of the same in the hands of the referee which required the referee, without actual notice of said judgment, to report the same to the court and to pay the appellant in making distribution of the share that would otherwise go to appellant's judgment debtor. It was not essential that the appellant be made a party defendant in the partition proceeding. He had neither an actual nor apparent nor contingent interest in said property at the time. Section 12320, Code of 1924, is as follows:

"Before making any order of sale or partition, the court may refer to the clerk or a referee to report the nature and amount of incumbrances by mortgage, judgment, or otherwise upon any portion of the property."

The appellant relies upon this section, and upon the order of the court in the decree made in pursuance of this section. The referee did report the outstanding incumbrances against the share of appellant's debtor, Brewer, that were in existence at the time that the decree of partition was rendered. The effect of the appellant's contention is that the referee was required to

watch the proper records for any other incumbrances or liens that might be created against the share of the said Brewer until the report of the referee for distribution of the proceeds of the sale was filed. The ultimate result of the appellant's contention would be that the duty would rest upon the referee to examine all of the proper records, even after the sale, and at least until the date of the filing of his report of distribution, and report to the court all apparent liens or incumbrances that were *then* of record against the share of any distributee in the partition suit. Appellant places reliance on the case of *Aplington v. Nash*, 80 Iowa 488. That was an action for partition. While the action was pending, an intervener commenced a suit by attachment to recover judgment against one of the owners of the land upon whose share the writ of attachment was levied. This action went to judgment, and special execution was issued, and the share of the party was sold at sheriff's sale, and sheriff's deed was duly issued therefor. The holder of the sheriff's deed was made a party to the partition proceedings, and he claimed that he was entitled to all of the money arising from the share of his judgment debtor, which share he had acquired by his sheriff's deed. The question involved in the case was whether the holder of the sheriff's deed was entitled to the full amount derived from the sale of the share originally held by his debtor, or whether he was only entitled to recover the amount of his judgment, interest, and costs, and that any excess above that amount received from the share originally held by his debtor should go to said debtor or her assigns. We held that the attachment and the sheriff's deed thereunder divested the original owner of the interest she had in the land, and that it had the same effect as if the party had made a conveyance of her interest. We held that the judgment creditor had the right to put his claim in the form of a lien, pending the partition proceedings, and to proceed by attachment suit to judgment, execution, sale, and sheriff's deed, and that, having pursued that course, he acquired all the rights which his debtor had in the land at the time that the sheriff's deed was executed and delivered to him. By the proceedings he acquired all the interest that his debtor had in the premises, and succeeded to her rights in the partition suit. We have no such situation in the instant case. If the appellant herein had taken such steps as vested him with the rights of Brewer in his share of the prop-

erty, he might have been entitled to the same, as against any claim of Brewer's thereto; but that is not the situation. There is no contest here between Brewer and the appellant. It is the contention of the appellant that the referee and the surety on his bond should be held liable, because the referee made distribution of the proceeds of the sale of the partitioned property without paying the amount of appellant's judgment. In other words, it is the appellant's contention that the referee was bound to take cognizance of his judgment against Brewer, although filed after the decree in partition, and report said lien to the court, in making his distribution of the proceeds of the property. If appellant had seen fit to serve notice upon the referee and upon his debtor, Brewer, and had brought properly before the court the question of his right to Brewer's share in the property before distribution had been made by the referee, we would have an entirely different question from the one presented to us. Nothing of the kind was done in the instant case. In short, the appellant seeks to hold the *referee* for making distribution of Brewer's share in the property by paying outstanding incumbrances that were against the real estate at the time of the decree in partition, and a portion to a garnishing creditor, without paying appellant's judgment against Brewer. We do not think that the appellant is now in any position to claim a right to object to the distribution made by the referee, under the facts disclosed, without taking any cognizance of the appellant's judgment against Brewer, which was not of record until after the decree in partition was rendered, and of which no notice was brought to the referee before distribution was made.

Other questions argued are unimportant, in view of our conclusion on the main proposition relied on by appellant. The decree of the district court was correct, and it must be, and is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.