IN RE ESTATE OF LYON.

1. **Estates of Decedents:** WIDOW'S SHARE OF PERSONALTY: NOT AFFECTED BY WILL.   A widow is entitled to one-third of the personal estate of her deceased husband, notwithstanding the provisions of a will giving more than two-thirds of it to his children. (*Ward v. Wolf*, 56 Iowa, 465, and *Linton v. Crosby*, 61 Id., 401, followed.)

2. ——: ADVANCEMENTS BEFORE AND AFTER MAKING WILL.   Where a testator devises the residue of his property in equal shares to his chil-

70   375
91   74
70   375
102   85
70   375
104   560
105   642

70   375
115   124
115   147

70   375
120   130
120   426

70   375
132   668
132   607

dren, advancements of money made to the husband of one of the chil-
dren *before* the execution of the will, but of which no mention is made
in the will, should not be regarded as a part of the estate and charged
to that child.

3. **Will**: PAROL TESTIMONY AS TO TESTATOR'S INTENT: RULE APPLIED.
Parol testimony is not admissible to prove that the intention of a testa-
tor was different from what is clearly expressed in the language of the will.
Accordingly, where the testator devised one-third of the residue of his
estate to the appellant, (a daughter,) *held* that parol testimony was not
admissible to prove that it was the intention of the testator that advances
of money made to appellant's husband before the execution of the will,
and charged to the husband on his books, should be regarded as a part of
the estate devised, and charged to the appellant as an advancement,
where no reference to the money so advanced was made in the will.

*Appeal from Johnson Circuit Court.*

THURSDAY, DECEMBER 16.

PRIOR to his death, E. C. Lyon executed a will, which has
been duly admitted to probate. The executors therein named
qualified and proceeded to discharge the duties devolved upon
them. Mrs. Estelle Morsman, one of the children of Mr.
Lyon, and a devisee under the will, filed a petition asking
that the estate be distributed. The executors answered the
petition, and the court found and decreed that the widow of
the deceased was entitled to $20,000, and that the same
belonged to her absolutely; that the testator, in his life-time,
had advanced to Mrs. Morsman $14,525; to Ella L. War-
field, $8,200; and to Louis E. Lyon, $6,900. The last two
persons are children of Mr. Lyon, and devisees under the
will. The court ordered that such advancements be added
to the balance of the assets, and that each legatee should be
paid the legacies given them after deducting the said advance-
ments. Mrs. Morsman appeals.

*Baker & Ball* and *W. W. Morsman,* for appellant.

*Boal & Jackson,* for appellees.

SEEVERS, J.—I.   The first question we are invited to con-
sider is, whether "the widow is entitled to receive one-third
of the personal estate of her deceased husband,
notwithstanding the provisions of a will giving
more than two-thirds of the same to his children."
Counsel for the appellant frankly concede that this
question was determined adversely to the appellant by a
majority of the court in *Ward v. Wolf*, 56 Iowa, 465, and
that this case was followed in *Linton v. Crosby*, 61 Iowa,
401; but they with much force and vigor contend that these
decisions are erroneous and contrary to both the letter and
spirit of the statute.   The writer is directed to say that the
court adheres to the rule established in the cited cases, and
that it is not deemed necessary to restate the reasons or
advance others in suppport of the rule.   It therefore is
unnecessary to consider the question whether the widow was
allowed more than she was entitled to by the court; for, as we
understand counsel, such question only becomes material in
case the court overruled the cases above cited.

1. ESTATES OF
decedents :
widow's share
of personal-
ty: not af-
fected by will.

II.   The will was executed on the thirty-first day of
August, 1876, and the testator died after the sixteenth day
of April, 1880.   After making provision for the
widow, and specific devises of real estate to each
of his children, and a watch to his grandson, the
testator devised all of the residue of his estate to his three
children, Louis E. Lyon, Estelle Morsman and Ella L. War-
field; the same to be equally divided between them.   During
the life-time of Mr. Lyon, and from February 17, 1875, to
April 16, 1880, as appellees claim, he made advancements to
the appellant, or charged her with the sum of $14,525, in-
tending thereby to create the relation of debtor and creditor, or
that the same should be regarded as advancements to be de-
ducted from her share of his estate.   Of this sum, $9,725 was
so advanced or charged prior to the execution of the will.   The
appellant claims that this last-named sum was a gift, or that,
whatever it may be designated, it cannot be charged to her,

2. ———: ad-
vancements
before and
after making
will.

and deducted from the share she would otherwise be entitled to under the will. The fact is that the testator gave the appellant but $100, and that was after the execution of the will, unless what was given her as a wedding present can be so regarded. In the view we take of the case, it is not necessary to further refer to the gift made appellant on her marriage. All the balance of the money or property, amounting in value to $14,425, was given to the appellant's husband, and was charged to him by the testator in his books.

Counsel for the appellant concede that the money and property given to her and her husband after the execution of the will should be regarded as an ademption of the prior legacy, and that, from the amount to which the appellant is entitled, the amount so given should be deducted; but it is contended that the amount so given prior to the execution of the will cannot be brought into hotchpot, nor can such prior gift be regarded as an ademption of a legacy given in a will subsequently executed. The claim being that, conceding that the money and property given appellant's husband should be regarded as advancements to appellant, and the same brought into hotchpot if there was no will, such rule has no application to a case where there is a will under which the appellant is a residuary legatee; that the rule applies to intestate, or possibly to partially intestate, estates only. This position, we think, must be sustained. The authorities so hold; and our attention has not been called to one which holds otherwise. See *Snelgrove v. Snelgrove*, 4 Desaus. Eq., 274; *Richmond v. Vanhook*, 3 Ired. Eq., 581; *Brewton v. Brewton*, 30 Ga., 416; *Loring v. Blake*, 106 Mass., 592; 1 Pom. Eq., § 570.

The primary object in all cases is to ascertain the intention of the testator. The will must stand and speak for itself, unless it has been revoked or changed in the manner provided by statute. As the will gives the appellant an equal share of the estate, after the specific legacies have been satisfied, and no mention is made in the will of any advance-

ments having been made to her, or that she is to be charged
therewith, the presumption must obtain that such was not
the testator's intent.  This, it seems to us, must be so; and
that it quite clearly appears that it was not the intent of the
testator that appellant should be charged with money given
her husband prior to the execution of the will, for the rea-
son that he clearly intended that she should receive the one-
third part of the residue of his estate; and it is clear she
would not receive this share if the so-called advancements
are to be charged to her.

III.  The money and property given the appellant's hus-
band was either a gift, an advancement, or a debt.  We do not
think it was the latter; for there is nothing tending
to show that it was so intended, unless the simple
charge in the books makes it a debt due from the
appellant to the testator.  But it was not charged to the
appellant, and it could not have been collected of her.  Suppose
the estate had proved to be insolvent, can it be successfully
claimed that a recovery could have been obtained against the
appellant for money given her husband?  We feel sure that
this inquiry must be answered in the negative.  It, therefore,
must have been either an advancement or a gift.  If it was
the latter, then it was fully executed prior to the execution
of the will, and the testator could not recall it without the
consent of the appellant.  If it should be regarded as an
advancement, can a prior advancement be an ademption of a
subsequent legacy or gift by will?  Courts of equity incline
strongly in favor of equality, and against double portions.
But it is difficult to say that the testator intended the legacy
as an ademption, or to be in lieu of the prior advancement,
for the reason that the residue of an estate is always uncertain.
He could not know with any reasonable degree of certainty what
it would be.  The costs of administration were unknown.
Losses might occur between the time the will was executed
and the death of the testator, or the estate might increase in
value.  That a subsequent gift may be intended as in lieu

*3. WILL: pa-
rol testimony
as to testa-
tor's intent;
rule applied.*

of, or as a satisfaction of, a prior promise or legacy, we can readily conceive. But, even in such case, we understand the rule to be that the subsequent gift must be of the same class or kind as the provision made in a prior will. Therefore a devise in a will of $500 may be regarded as satisfied by the subsequent payment of the same amount of money to the devisee as a marriage portion, if so intended; and it has been held that such intention may be shown by parol. *Hartop v. Whitmore*, 1 P. Wms., 681. The case at bar is materially different, but counsel for the appellee contend that parol evidence is admissible in this case to show that the testator intended the devise to be different from what the will on its face appears to be; that is, that appellant was not to have one-third of the residue of the estate, but that she was to be charged with a prior advancement. Now, it seems to us that this, in substance and effect, is a revocation or alteration of the provisions of the will, which are clear, certain and definite, without a compliance with the requirements of the statute. *Zeiter v. Zeiter*, 4 Watts, 212.

The rule as to the admissibility of parol evidence in cases of this character is thus stated in 3 Greenl. Ev., § 366: "That parol evidence is not admissible to prove that the party did not mean what he has said, [that is, that the appellant should receive the one-third of the residue of his estate;] but that, when the law presumes that he did not so mean, parol evidence is admissible to prove that he did, by rebutting that presumption; it not being conclusive, but disputable."

It was established by parol evidence that, a short time prior to the testator's death, he asked appellant if she knew how much "money he had given her." She replied: "Yes; it was over $13,000." After his death, the executor forwarded to her a copy of the account, and she and her husband indorsed thereon, "Correct," signed their names thereto, and returned it. But it is apparent, we think, that the appellant did not then believe it was to be made the basis of a charge against her. At most, however, it amounts to a

statement that she had received the amount stated in the account of her father. It, however, clearly appears that she did receive but $100, and the residue was given to her husband, and was charged by the testator to him. Now, what is an advancement? It is nothing more or less than an irrevocable gift made by a parent to a child in anticipation of such child's future share of the estate. It may be, when the testator made the charge to the appellant's husband, that he intended the money so charged and given as an advancement to appellant, but we think such evidence is inadmissible to establish such fact, because it directly contradicts the provisions of the will. It will not do to say that the will creates a presumption merely which may be contradicted by parol. The will constitutes written evidence of the testator's intent, which can only be overcome by some writing executed as provided by Code, §§ 2329, 2330. For the reasons stated, we think the court erred in charging the appellant with $9,725, and deducting the same from the share she is entitled to under the will.

MODIFIED AND AFFIRMED.