LEAH WEST, *et al.*, v. J. A. BECK, *et al.*, Appellants.

**Advancements:** EVIDENCE. Where a father pays his son's debt, statements which he made to third persons when he pays, that he 1 would keep the notes given by the son to show that he had received that much out of the estate, are admissible as *res gestae*.

**PRESUMPTION.** The payment of a son's debt by his father will be 2 presumed to be an advancement in the absence of a showing to the contrary.

**"PROPERTY" DEFINED.** The word "property" as used in Code, 2459, 3 dealing with advancements, covers both real and personal property.

*Appeal from Jefferson District Court.*—HON. H. C. TRAVERSE, Judge.

TUESDAY, OCTOBER 8, 1895.

This is a suit for the partition of certain lands, in which plaintiffs, two of whom are the childen of David Beck, deceased, allege, in substance, that said David Beck died intestate in the year 1890 seized of certain lands in Jefferson county, leaving his wife and seven children surviving, five of which children, including J. A. Beck, the appellant, are made parties defendant to the suit; that the widow elected to use and occupy a part of the land so left by the deceased as a homestead, in lieu of taking one-third in fee simple, and that she continued to use and occupy the same as such until her death in 1893; that during his lifetime deceased made advancements to his son, the defendant J. A. Beck, to the amount of one thousand dollars; that the children of deceased each own an undivided one-seventh of said real estate, except that defendant J. A. Beck should be charged with the sum of one thousand dollars, which should be deducted from his share, and the share of each and all the other children should be admeasured.:

accordingly; allege that the land cannot be equitably divided, and ask that the same be sold and division made of the proceeds. Issue was taken upon the averments of this petition, and the court, after hearing the evidence, found that the widow of David Beck, deceased, elected to take the homestead in lieu of a fee-simple estate in the lands; that the seven children of deceased each inherited an undivided one-seventh of the land owned by him at the time of his death; that during his lifetime the deceased made advancements to defendant J. A. Beck to the amount of six hundred and seventy-five dollars, ordered the land sold, and directed the referees appointed by the decree to take from the share of J. A. Beck the sum of six hundred and seventy-five dollars and add it to the amount allowed the other heirs, to be divided between them ratably. The defendant J. A. Beck and Iowa Beck, his wife, appeal.—*Affirmed.*

*Struble & Stiger* for appellants.

*Leggett & McKemey* for appellee West.

*F. M. Davenport* for appellees Stewart Beck and wife.

*Jones & Fullen* for appellees Andrew Beck and wife.

Deemer, J.—Appellant's contention is—First, that there is not sufficient proof of the advancements charged against the share of J. A. Beck to justify their allowance; second, that, even if such advancements are shown, they cannot be used to reduce his share of the real estate of which the ancestor died seized.

It appears from the testimony that appellant repeatedly stated, not only to his brothers and sisters, but to others, that he had received six hundred and

seventy-five dollars on his share of the estate; that he knew his promissory notes were among his father's papers; and that he did not have as much interest in the land as the others, or as much to say about it. He also wrote his mother, in the year 1892, as follows: "I want the interest I have in the home place to pay the six hundred dollars back, and then what is left I want." It further appears that most of the money furnished to appellant by the deceased was borrowed upon notes signed by the father and son, the former as surety and the latter as principal, and that these notes were paid by the father and found among his papers after his death. The testimony also shows that when the deceased paid these notes he declared that "he would keep them to show that J. A. Beck had had that much." Appellant insists that these declarations of the father are inadmissible, and that a debt cannot be changed to an advancement by statements of this character. It will be noticed that these declarations were made by the father at the time he made the advancement to the son, and, although made to a third person, they are admissible as a part of the *res gestae*. Declarations of the father made after the debt was created would not be admissible to turn a debt into an advancement, but the statements relied upon in this case were made at the time the money was furnished, and are clearly competent. Now, advancement is an irrevocable gift made by a parent to a child in anticipation of such child's future share of the estate; and when a father pays off a debt owed by his son to a third person, the law presumes the money so paid is an advancement, unless it be shown that it was not so intended. *Reynolds' Adm'r v. Reynolds,* 18 S. W. Rep. (Ky.) 517; *Dilley v. Love,* 61 Md. 603. Applying these rules to the testimony before set out, there can be no question as to the correctness of the conclusion

that the deceased made the advancement found by the lower court.

II. Turning to the second contention of appellant, we find this statutory provision: "Property given by an intestate by way of advancement to an heir, shall be considered part of the estate so far as regards the division and distribution thereof, and shall be taken by such heir towards his share of the estate at what it would now be worth if in the condition in which it was so given to him." Code 1873, section 2459. No distinction seems to be drawn in this section between advancements of real and personal property. The word "property" is used. This is broad enough to cover every description of property; and there is nothing to indicate that the legislature intended advancements of personal property to be taken from the personal, and advancements of real property from the real estate. Indeed, a contrary intention is apparent. And the reason is obvious. In this state real and personal property descend in equal proportions to the heirs. They take the same proportion of one as of the other. And as equality among the heirs is always considered equity, it is manifest that advancements of money may be offset against an heir's share of real estate. The decree is right, and it is *affirmed.*