Myrtle Bissell, Appellant, v. Verdie May Bissell and Edna Bissell, Appellees.

**Distribution of Estate.** ADVANCEMENT: WHAT CONSTITUTES. An
1    advancement is a voluntary gift made by the parent with the intent that it shall be taken into account on the settlement of his estate.

**Same.** In a suit for divorce by the wife, a sum treated as alimony
2    was placed in the hands of a trustee for the benefit of a minor child. The custody of the child was awarded the wife and the husband relieved from further liability for support of the child. *Held*, on settlement of the husband's estate the sum placed with the trustee was not an advancement to the child.

**Homestead:** APPORTIONMENT OF INCUMBRANCE. An allowance to
3    the widow of one-third of the real estate, including the home-stead, and an apportionment of the incumbrance executed by husband and wife so as to leave the homestead free, is proper, though the widow thereby receives more than one-third the net realty.

*Appeal from Madison District Court.*—Hon. A. W. Wilk-inson, Judge.

Friday, April 10, 1903.

Suit in equity for the partition of certain real estate theretofore owned by one W. G. Bissell, deceased. From the decree rendered by the trial court, both parties appeal; but as plaintiff first perfected her appeal, she will be called the "appellant."—*Affirmed.*

*F. E. Nicholson* and *Steele & Robbins* for appellant.

*John A. Guiher* for appellee Edna Bissell.

Deemer, J.—W. G. Bissell died intestate in September of the year 1900 seised of six hundred acres of land. This land was incumbered by mortgage in the sum of $11,000.

He left as his widow Myrtle Bissell, plaintiff herein, who resides upon a part of the land, defendant Verdie May Bissell, a daughter, and Edna Bissell, a daughter by a former marriage to one Elmira Bissell, from whom he was divorced in the year 1897. At the time of the institution of this suit in the year 1901, Verdie May Bissell was about one year old, and defendant Edna about ten. In April of the year 1897, Elmira, the first wife of W. G. Bissell, brought suit for divorce, and obtained a decree, which, among other things, provided: "The court finds that plaintiff is entitled to the care and custody of the minor child of the parties hereto—Edna Bissell—until she reaches the age when she may choose her guardian. And the court further finds that the defendant has provided for the support of said child by depositing with Alfred F. Bissell, to be held in trust for said child, subject to the orders of this court, the following notes. * * * And it is further ordered, considered, adjudged, and decreed that the above-described notes heretofore deposited with Alfred F. Bissell for the support of said child shall be held by said Alfred F. Bissell for said child until she reaches the age of twenty-one years, and that said trustee shall pay to the plaintiff, out of the interest and profits of said trust fund, one hundred dollars each year from and after April 1st, 1897, for the maintenance for said child, until further ordered by this court; and that said trustee may, under the directions of this court, expend such further sums or sum from the interest or principal of said trust fund as may be necessary in his judgment to properly clothe, sup-port, and educate Edna Bissell until the termination of this trust; and, in case the said child shall live until she is twenty-one years of age, the principal and interest then in the hands of said trustee shall be paid to the said Edna Bissell; but, should the said Edna Bissell die without issue before she is twenty-one years old, then the amount of the trust fund then remaining shall thereupon revert to

or become the absolute property of plaintiff and defendant or his heirs, each receiving one-half of said remainder; and, in case the plaintiff is not living, all the said sum shall be paid to the defendant or his heirs. But should the said Edna Bissell die before reaching the age of twenty-one years, leaving issue, then said issue shall inherit the amount of the trust funds then remaining."

Plaintiff claims one-third in value of the lands left by her deceased husband, and contends that the amount awarded Edna by the decree of divorce above quoted should be treated as an advancement to her and taken into account in the partition of the property. Part of the land being homestead in character, plaintiff asked that this homestead be included in the premises assigned to her, and that the incumbrance on the property be adjusted so as to leave the homestead free; and that, of the part not homestead in character, an adjustment of the incumbrance be made so that it should bear its just proportion thereof. The trial court denied the claim of advancement, allotted to plaintiff one hundred and seventy-four acres of land, which included the homestead; decreed that she should pay $2,852 of the incumbrance; awarded to each of the defendants something over two hundred acres of land, and found that they should each pay $4,074 of the incumbrance. It also found that the homestead should not be charged with any portion of the incumbrance. Plaintiff appeals from that part of the decree denying the claim of advancement, and defendant Edna Bissell from that part apportioning the incumbrance against the several allotments of land.

Referring first to plaintiff's appeal, we find the law as to what constitutes an advancement to a child very well settled, and the only difficulty is in its application. An 1. ADVANCE- advancement is an irrevocable gift made by MENT: what constitutes. a parent to a child in anticipation of such child's future share of the parental estate. *In re Lyon's*

*Estate*, 70 Iowa, 375. *West v. Beck*, 95 Iowa, 520. First, then, it must be a voluntary gift, and, second, it must have been made with the intent on the part of the parent that it shall be taken into account on the settlement of the estate. But where a voluntary gift from parent to child is shown, the rule in this state is that it is presumed to be an advancement, and in the absence of evidence to the contrary it will be so treated. *Burton v. Baldwin*, 61 Iowa, 283; *Phillips v. Phillips*, 90 Iowa, 541; *McMahill v. Mc-Mahill*, 69 Iowa, 115. Money paid to or for a child for his education, maintenance, or support, or for his pleasure or travel, will not ordinarily be considered an advancement. Nor will expenses incurred in the discharge of ordinary parental duties. If the provision is made for the child's permanent good, as for starting him in business, it will be so considered in the absence of evidence to the contrary. Proper evidence of intention is always admissible, and but slight evidence is needed to overcome the presumption stated. *Middleton v. Middleton*, 31 Iowa, 151. Like all gifts, the advancement must be voluntary. If made in response to a legal demand or in discharge of a legal obligation, the doctrine of advancement does not apply. *Hart v. Chase*, 46 Conn. 207.

With these rules settled, we now go to the evidence, and find that W. G. Bissell brought action against his first wife for divorce, which he abandoned. He then induced his said wife, Elmira, to bring action against him

2. SAME.

for divorce and, after some negotiations between the parties it was finally agreed that as alimony Elmira should have $2,500 and that $2,500 should be set off to Edna, the child, for her support and education, and as part of the alimony. At that time W. G. Bissell was worth about $15,000. The $2,500 thus agreed upon was placed in the hands of a trustee, as recited in the decree before quoted. Nothing was said at the time about this being an advancement to the child, and it seems to have been allowed on the

theory that it was a part of the alimony to which the wife was entitled, but placed in the hands of a trustee for the benefit of the child. The custody of the child was awarded to plaintiff in the divorce case—Elmira Bissell—and, on account of the allowance, W. G. Bissell was relieved of his legal obligation to support the child. There is testimony to the effect that W. G. Bissell declared, shortly before his death, that he had paid his daughter Edna all that he intended her to have. While such evidence may be admissible for the purpose of showing intent at the time the payment or gift is made, it will not be permitted to change the character of the transaction. In view of the circumstances under which the allowance was made, we think it would be going too far to hold that the amount awarded Edna should be treated as an advancement. Indeed, we do not think it was a gift at all.

II. As to the apportionment of the incumbrance, which amounted at the time of the trial to practically $11,000, and which was evidenced by a mortgage signed by 3. HOMESTEAD: both W. G. Bissell and Myrtle Bissell, it is apportion-ment of in-cumbrance. well settled that the homestead will be protected, if possible, and, to accomplish this result, secondary liability only is imposed upon it. *McGlothlen v. Hite*, 55 Iowa, 392; *Wilson v. Hardesty*, 48 Iowa, 515. Moreover, in the case last cited, it is expressly held that the widow is entitled to have her distributive share so set aside to her as that it shall not be liable for incumbrances in which she has joined until the other property covered thereby is first exhausted; that her share is not to be burdened with any part of the incumbrance, unless it should be necessary to resort to it after exhausting the other mortgaged property. The referees appointed to set aside the widow's share found that the value of the land was $30,000, and that, after deducting the incumbrance against it it was worth $19,000. The widow was allotted one hundred and seventy-four acres of land, forty

acres of which was found to be homestead, and not charge-able with any part of the incumbrance, but the remainder of the land was charged as hitherto stated, and the portions assigned to defendants were each charged with the sum of $4,074. As the homestead was only secondarily liable, and as the remainder of the land was amply sufficient to pay the incumbrance, we see no error in the decree in this respect.

That part of the decree charging the remainder of the land assigned to the plaintiff with its proportion of the mortgage incumbrance is not complained of by plaintiff or defendants, and need not be considered.

It is contended that by this apportionment the widow received more than one-third in value of the real estate of which her husband died seised. This is perhaps true, but it results from the nature of the property awarded to her. As said in *Mock v. Watson*, 41 Iowa, 241, "The interest of the wife is not, as that of the heirs, made subject to the rights of others and to charges against the estate." The case seems to be ruled by *Wilson v. Hardesty*, and other like cases. The widow did not, by executing the mort-gage, relinquish her homestead rights except, in so far as might be necessary to pay the remainder of the mortgage, after exhausting the other property included therein. See, also, *In re Lund's Estate*, 107 Iowa, 264.

The decree is in all respects correct, and it is AFFIRMED.