DELPHIA BASH et al., Appellants, v. CALVIN W. BASH et al., Appellees.

DESCENT AND DISTRIBUTION: Advancements—Equal Conveyance to Each Child—Effect. Equality—the presumption that an ancestor intends to share his property equally with all those having claims on his bounty—is the fundamental idea underlying the doctrine of advancements. It follows that the act of a parent in conveying, at one time, to each of his children

an *equal* amount of property, tends very strongly to *overcome* the legal presumption that an advancement was intended.

PRINCIPLE APPLIED:  An aged father, after the death of his wife, and at a time when it did not appear that he contemplated remarriage, conveyed a tract of land in *equal* shares to his three adult children, who were all the children he had. Two years later, the father remarried, and two children were born under this marriage.  The father died, leaving surviving the widow and his *five* children.  On the distribution of his estate, the widow and her children claimed that the former conveyances to the *three* children were advancements.  *Held*, the fact that the father, in making the conveyance, passed to each of his then children an *equal* amount, was a very strong indication that he did not intend an advancement.

*Appeal from Marshall District Court.*—James W. Willett, Judge.

December 18, 1917.

Suit in partition of lands.  A decree confirming shares was entered April 4, 1913.  Pursuant thereto, a partition in kind was had as to a large part of the property. Other property was ordered sold.  On December 9, 1914, two of the defendants served notice upon their codefendants of the filing of a cross petition, asking that the decree confirming shares be vacated and set aside.  This cross petition had been filed on June 14th.  It averred that the original decree was erroneous in its fixing of shares, in that it failed to take account of certain alleged advancements which had been made to the codefendants by their father, all the defendants being children and heirs of Lebbeus Bash, and all taking their title to the real estate by descent from him.  The codefendants answered the cross petition.  They challenged the right of the cross petitioners to file the cross petition herein as being too late, the decree confirming shares being a final adjudication of such question.  They also denied the alleged advancements.  The trial court dismissed the cross petition, presumably upon

both grounds urged by the codefendants. The cross peti-
tioners appeal.—*Affirmed*.

*F. E. Northup* and *C. H. Van Law,* for appellants.

*C. H. E. Boardman* and *G. A. Mote,* for appellees.

EVANS, J.—Lebbeus Bash, a resident of Marshall Coun-
ty, died intestate, September 15, 1912, leaving Delphia Bash
as his surviving spouse, and all the other parties herein as
his children and heirs at law. The defendants Catherine L.
Bash and Kenneth L. Bash were minor children of the de-
cedent and his surviving spouse, plaintiff herein. The other
defendants were the children and heirs of the decedent by a
former marriage. The minor children, Catherine and Ken-
neth, are the cross petitioners, and are represented by their
mother, Delphia Bash, as their guardian. As already indi-
cated, the codefendants make two contentions: (1) That the
decree confirming shares, entered April 3, 1913, was a final
adjudication of the respective interests of the parties in the
real estate involved, and that it was beyond the power of
the cross petitioners to attack the same on December 9, 1914,
the only ground of attack urged in the cross petition being
that the cross petitioners did not know of the alleged ad-
vancement until after such decree was entered. (2) That
the alleged gifts to the codefendants were not intended as
advancements, but were intended as gifts absolute.

To find affirmatively upon either of these contentions
would affirm the judgment of the lower court. We shall
consider first the second contention. It is undisputed that,
many years ago, Lebbeus Bash conveyed to his three chil-
dren by his first marriage a half section of land in Poca-
hontas County. This was a gift. Under the law of this
state, such gift will be presumed to have been an advance-
ment, unless such presumption is overcome by a consider-
ation of all the evidence in the case. It becomes important,

therefore, to look into the circumstances leading up to and surrounding this transaction, in order to determine whether it was intended as an advancement or as a gift absolute. The criterion is the intent of the donor at the time of the giving. *Ellis v. Newell*, 120 Iowa 71.   On and prior to the year 1894, the family of Lebbeus Bash consisted of his then wife and three adult children, all married.   He had considerable property, including the half section in question.   His landed interests, however, were situated mostly in Marshall County.   At about that time, he and his then wife had decided between themselves to give the Pocahontas County land to their children.   In that year, the wife died.   In 1895, while a widower, Lebbeus Bash conveyed the property by one deed to his three children as grantees, in consideration of love and affection and $1.   As tending to overcome the presumption of advancement, considerable evidence was introduced of statements made by him before and at the time of such conveyance.   These statements were, in general effect, that he was making a gift of the land; that he was doing so partly because his wife had requested it.   There is much force in the contention of appellant that much, if not all, of what was said concerning the alleged gift of the land could have been consistently said, even though he were in fact intending an advancement.   However, the circumstance is entitled to some consideration that, in all that he said on the subject, it does not appear that at any time the thought of an advancement as distinguished from a gift was in his mind in any way.   But there is another feature of the transaction that, to our minds, is of great significance, as bearing upon the question of intent to make an advancement.   The doctrine of advancement and the presumption in its favor are an application of the maxim that equality is equity.   The presumption that a gift is intended as an advancement is based upon the assumption that, ordinarily, a parent intends equality of distribution of his

estate among his children, and upon the further assumption
that a substantial gift to one tends to destroy that equality,
unless such gift be equalized by a later distribution to the
others.   Suppose, for instance, a typical family, where the
oldest son has reached his majority, and perchance has mar-
ried.   His father gives to him 80 acres of land.   When the
second son reaches the same point, a similar gift is made,
and so on down the line.   The father may die before all of
his children have been served alike.   In the distribution of
his estate, the presumption of an intended advancement as
to those who received their gifts works out an equality
among the children.   Turning to the case before us, Leb-
beus Bash in 1895 was already an old man.   All his children
were adult and married.   His wife was dead.   Under these
circumstances, he made a gift to each of his children, at the
same time and in exactly the same amount.   He had no need
of the presumption of advancement in order to accomplish
equality between his children.   He accomplished it then
and there, by the very method of his gifts.   Unless he then
and there intended that future account should be taken of
these gifts as advancements, to be charged against the
donees in the distribution of his estate, then they were
gifts absolute, and not advancements.   There is a measure
of absurdity in supposing that, under these circumstances,
he could have intended an advancement; that is to say,
that he could have intended that, in the future distribution
of his estate, these gifts should be equalized, when in truth
he himself had already equalized them in the giving.   True
it was that, about two years thereafter, he married the
plaintiff, and two children were born to him under this
marriage.   This subsequent event created no equity against,
nor introduced any infirmity into, the gifts already made,
if such they were.   There is no presumption that he fore-
saw this subsequent event in 1895, nor that it cast its shad-
ow before upon his then intention.

Looking, therefore, upon this joint gift to all his children in the light of all the circumstances surrounding it, we think the presumption that it was intended as an advancement, rather than a gift absolute, is clearly overcome. This conclusion being decisive of the appeal, we need not consider the contested question of practice. The decree dismissing the cross petition is—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.