## IN RE ESTATE OF MILES SELLS.

**WILLS:** Advancements—Presumption. A voluntary conveyance from parent to child, in the absence of anything indicating a contrary purpose, is presumed to be an advancement. Evidence held insufficient to overthrow such presumption.

*Appeal from Fremont District Court.*—EARL PETERS, Judge.

APRIL 1, 1924.

THE nature of the proceedings and the material facts are stated in the opinion.—*Affirmed.*

*Vernon Johnson* and *Genung & Genung,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

STEVENS, J.—Miles Sells, a widower, died intestate in Fremont County on June 22, 1921, survived by two daughters, Mae

Otte and Minnie Bickel. This appeal is from an order by the probate court, directed to the administrator of the Sells estate, requiring him to list as a part of the assets of the estate a certain check for $2,500 of the intestate's, dated November 14, 1919, given in payment of the purchase price of a certain residence property in Rapid City, South Dakota, which was conveyed by the seller directly to Minnie Bickel.

The sole question for the decision of this court is: Does the evidence overcome the presumption that the gift in question was intended as an advancement? The rule in this state, which has long been settled by the decisions of this court, is that a voluntary conveyance from parent to child, in the absence of anything indicating a contrary purpose, is presumed to be an advancement, and the burden of proof is upon him who asserts that it is an absolute gift to overcome such presumption by the evidence. *Calhoun v. Taylor*, 178 Iowa 56; *Ellis v. Newell*, 120 Iowa 71; *Burton v. Baldwin*, 61 Iowa 283. The rule is not changed by the fact that the purchase price was voluntarily paid by the father, and title, by his direction, taken in the name of the child. *Ellis v. Newell*, supra; *Cecil v. Beaver*, 28 Iowa 241. The question whether the gift is to be construed as an advancement or as a gift absolute is altogether a question of the donor's intention. This is the gist of the whole matter. *Ellis v. Newell*, supra; *Phillips v. Phillips*, 90 Iowa 541; *Bash v. Bash*, 182 Iowa 55.

Briefly stated, the facts of this case are as follows: Miles Sells, while on a visit to the home of his daughter, Minnie Bickel, at Rapid City, South Dakota, purchased the residence in which she resided, for $2,500, causing the conveyance to be made directly to Mrs. Bickel. The evidence on the main point is extremely meager. The property was purchased of John C. Haines, Incorporated. Haines, as a witness, testified that Mr. Sells, accompanied by Mrs. Bickel, came to his office in Rapid City in 1919, shortly before the check was executed, and asked the price for the property, and he informed him that it was $2,500. An oral agreement was thereupon entered into between Haines and Sells for the purchase of the property. Haines testified that in the conversation Mr. Sells said that he wanted "to buy that home for Minnie. I have understood they have had a

hard time paying the rent, and he was going to buy this property for her, in order to help her along.'' Haines further testified:

''In the conversation he said he had another daughter, for whom he had done considerable, and he had not done anything for Minnie, and he was doing this now to help her along, buying this little home for her.''

He also testified that, before the deed was executed, Mr. Sells said:

''I want this deeded straight to Minnie. I am making her a present of it.''

The testimony of this witness is, to some extent, corroborated by the testimony of another party who was present at the time of the first conversation. No other testimony was offered by either party, all formal matters being covered by a stipulation.

The whole doctrine of advancements rests upon the assumption that, ordinarily, a parent intends to make an equal distribution of his property among his children, and that a gift of a substantial amount to one child will, in the absence of evidence to the contrary, be presumed to have been intended as an advancement. An advancement is an irrevocable gift; and, therefore, the use by the parent of the word ''gift'' or ''present'' in connection with the transaction is, standing alone, of little value in determining the parent's intention. *Phillips v. Phillips,* supra; *Culp v. Price,* 107 Iowa 133; *Calhoun v. Taylor,* supra.

The statement attributed to intestate by the witness Haines that he had given considerable property to his other daughter, and that he had never given anything to Mrs. Bickel, might tend to indicate that the gift in question was intended to equalize the shares of the daughters. No evidence, however, was offered upon the trial in corroboration or denial of the truth of this statement, in so far as it related to prior gifts or advancements to the other daughter.

Counsel for appellant, among other cases cited, give especial emphasis to the opinion of this court in *Bash v. Bash,* 182 Iowa 55. We think the case at bar is clearly distinguishable from the *Bash* case. In that case it appeared that Lebbeus Bash, the intestate, was twice married. Three children of the first marriage

survived the death of their mother. The first wife of intestate. died in 1895, and, prior to his marriage to the plaintiff, the surviving spouse of intestate, he conveyed the half section of land in controversy to the three children of the former marriage. The evidence in that case showed that the conveyance was made in part for the purpose of carrying out the wishes of his deceased wife. By the conveyance of the property jointly to his three children, perfect equality was obtained. As suggested by the writer of the opinion, there was no need to apply the presumption that an advancement was intended to secure equality. It existed by the very act itself. So far as then appeared, intestate would never have other children. His intention must, therefore, have been determined by the facts, situation, and circumstances surrounding him at the time. The cases materially differ in their essential facts.

The statement or declaration of the intestate, as related by the witness, does, of course, tend to some extent to throw light upon the purpose of the gift. Evidence of statements long before the witness testifies is not, however, of a high order, and, in the absence of proof that advancements had been made to Mae Otte, the reference in the testimony to the assistance rendered her can be given little weight. Aside from the statement that he intended the conveyance as a gift, or present, the above is practically all that the record discloses on the question of intention. The presumption is overcome only by clear and convincing evidence. *In re Estate of Barnes*, 177 Iowa 122. The evidence, as we view it, is insufficient to show that an absolute gift, and not an advancement, was intended by the intestate. It follows that the decree of the court below must be, and is,—
*Affirmed.*

ARTHUR, C. J., PRESTON and VERMILION, JJ., concur.