IN RE ESTATE OF CLAUS H. WIESE.

No. 43685.

DECEMBER 15, 1936.

Otto L. Schluter and George A. Heald, Jr., for appellants.

Cornwall & Cornwall, for appellees.

HAMILTON, J.—The facts are brief and practically without dispute. Claus H. Wiese died intestate in Clay County, Iowa, on or about May 12, 1934, and left surviving him no spouse and the following living children, Louis Wiese, Ed Wiese, Ferdinand Wiese, Henry Wiese and Amanda Johnson. A son, William Wiese, died prior to 1920, leaving two children as his sole and only heirs. Likewise, a daughter, Etta Deacon, died prior to 1920, leaving one child as her sole and only heir. These three grandchildren of Claus H. Wiese whose parents had predeceased him are the petitioners herein. In the historic boom time of 1919, Claus H. Wiese sold his son, Ed Wiese, 160 acres of land in Clay County for $300 per acre, and on March 1, 1920, Ed Wiese paid his father on the purchase price cash in the sum of $21,000 and gave back a note of $27,000 secured by a second mortgage on the farm. Inferentially, we assume the $21,000 cash payment was obtained by the son on a first mortgage. It was the custom of the family to meet together under the parental

roof to celebrate the birthday of "pater", and on March 2, 1920, the day after his son Ed had paid him the $21,000, the five living children were invited to partake of a goose dinner, et cetera, at high noon at "grandfather's house" in the quiet little village of Everly, in the County of Clay. After they were all seated around the table, Grandfather Wiese, as he was affectionately called, at that time a man 72 years of age, hale and hearty, enjoying his full mental vigor, spoke to his good wife, saying, "Bring in those checks." He then arose and without any great ceremony handed each of the five children, except Henry, a check for $3,500, and to Henry a check for $3,300 saying in German, as he passed the checks around, "Ich habe geschenk," which, being interpreted, means in English, "I got a gift for them," or "A present that he was giving them," or "Here is a present or a gift for you." There is testimony that he said something to the effect that he had plenty left for his own needs. The children thanked him and one of them said that "father has reversed the usual order by giving the children presents instead of the children giving him a present on the occasion of his birthday." One witness stated that the father said, "This will give you a good start." The others present did not hear, or remember hearing, this last statement, but would not say that such statement was not made. Henry had received $200 about six weeks before and something was said to Henry by the father about this in explanation of why his check was $200 less than the others. The three grandchildren, petitioners herein, who lived in some other locality, were not present, and as we understand the record, they were not invited, and there isn't a word of evidence indicating that they were mentioned, thought of, or in any way considered by the grandfather in connection with the gift he that day made to his five living children.

The trial court held that the father intended what he said, to make his five living children a gift, as distinguished from an advancement. We insert a portion of the court's findings:

"The intent of decedent is the very essence of the whole matter, and, in this case must be determined from what he said and did and at the time he bestowed the checks on the children at the dinner party. * * * As I see it, there is no substantial dispute in the evidence, the father characterized his act as a 'geschenk,' which all understood meant the same as our word 'gift'. He

might have used words signifying that he was making a partial distribution of his property and that these children should be charged with the amounts received to be deducted from their respective shares in his property at his death, but there is no evidence that he used any such language. Is the court justified in finding that he had that intention? It is true the law favors equality in the division of property and presumes the deceased intended to treat all of his children alike. Here he did treat all the living children alike but he did not indicate that he intended to place the children of his deceased son and daughter on the same basis. He said he was making a gift to his children and I do not see how the court can call it something else. * * * Decedent doubtless thought he was retaining plenty of property for himself and wife. It should be noted that he gave his wife a check for $1,000 at the same time that he passed out the other checks. He may have thought that he would leave ample property at his death to bestow as much as he thought he should bestow upon the children of William and the daughter of Henrietta. The depression may have defeated an unexpressed intention to make provision for the grandchildren. There is no evidence of what was in his mind as to these grandchildren at the time of the birthday dinner.''

We have carefully gone over the record, and as we view it, there is little we can add to the above statement of the trial court. There is a suggestion in his findings that there is some confusion in our own cases with reference to the effect of the legal presumption prevailing in this state that a conveyance or gift voluntarily made by a parent to his child is to be treated as an advancement, and upon examination of the authorities there is no gainsaying the implication of the trial judge in this respect. At least two cases hold that this presumption in favor of advancements can only be overcome by evidence that is clear and convincing, while in other cases the court has said ''but slight evidence is needed to overcome the presumption.'' In 1 Am. Jur., page 764, in speaking of this confusion the authority states:

''The confusion that exists in the definition of the term 'burden of proof' exists in the application of that term to the question of advancements. The term is used in the sense of the risk of nonpersuasion and also in the sense of the duty of going forward with the evidence to meet a prima facie case made by an

opponent. The burden, in the former sense, of proving that a transfer by a parent to his child constituted an advancement rests primarily on the party asserting such fact, or, as is sometimes stated, upon him who has the affirmative of the issue. Such party must introduce evidence to show all the essential elements of an advancement or show facts giving rise to a presumption that the transaction amounted to an advancement. The party upon whom the burden thus rests makes a prima facie case where he produces direct evidence on all the essential elements of an advancement, viz: (a) a transfer of property from parent to child or between other persons between whom the doctrine operates, and (b) an intent on the part of the donor that it shall operate as an advancement, or shows a transfer of property under such facts as give rise to a presumption that the transaction was an advancement. After the prima facie case is thus made it becomes necessary for the party asserting the contrary to go forward with the evidence to meet such prima facie case. And this has sometimes been designated as the burden of proof.''

It is in the failure to distinguish between the burden of proof and the burden of going forward with the proof after a prima facie case has been made out that gives rise to the confusion. An advancement is defined to be ''a perfect and irrevocable gift, not required by law, made by a parent, during his lifetime to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the portion of the donor's estate that the donee would be entitled to on the death of the donor intestate.'' 1 Am. Jur. 715; West v. Beck, 95 Iowa 520, 64 N. W. 599; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Bissell v. Bissell, 120 Iowa 127, 94 N. W. 465.

In the case of Bissell v. Bissell, 120 Iowa 127, 129, 94 N. W. 465, 466, this court said:

''An advancement is an irrevocable gift made by a parent to a child in anticipation of such child's future share of the parental estate. In re Lyon's Estate, 70 Iowa 375, 30 N. W. 642; West v. Beck, 95 Iowa 520, 64 N. W. 599. First, then, it must be a voluntary gift, and, second, it must have been made with the intent on the part of the parent that it shall be taken into account on the settlement of the estate.''

It will thus be seen that one who asserts, as the petitioners in this case, that a gift or conveyance of property was intended as an advancement has the burden of showing (a) a voluntary gift, (b) intent on the part of the parent that it shall be taken into account on the settlement of the estate. As to these two matters, petitioners have the affirmative, and hence the burden of proof rests upon them. In this state, however, all petitioners have to show to make out a prima facie case is the voluntary gift from the parent to the child. The law supplies the intent in the presumption that prevails that such gift was intended to be an advancement. So the presumption is evidentiary in that it supplies proof of one of the essentials, namely, the intent on the part of the parent that the gift shall be taken into account on the settlement of the estate, and thus a prima facie case has been made out which requires the opposing parties who claim the same was not an advancement to go forward with the proof. In this case we have no evidence indicating intention that the parent intended the gift as an advancement, and that the amount given should be taken into account on the settlement of his estate, other than the bare presumption which arises from the making of the gift.

The legal battle between the parties in this case is waged around the proposition as to how much or how strong the evidence must be to overcome this prima facie case that is made out. Judge Deemer in the Bissell case, supra, states:

"Proper evidence of intention is always admissible, and but slight evidence is needed to overcome the presumption stated."

This slight evidence rule continued to be the rule in this state until the case, In re Estate of Barnes, 177 Iowa, page 122, 158 N. W. 754, 761, was handed down in June, 1916, and on page 143 of said report the court said:

"The controlling element in determining whether a given transaction between a parent and his child will be considered an advancement, or only a gift, or perhaps a loan, or a transfer for a valuable consideration, is, as has been heretofore observed, the intention of the donor at the time of the transaction. The evidence to establish that intention must be drawn largely from the circumstances surrounding the persons interested at the time. And the circumstances surrounding the transaction, or in truth

the mere gift by a parent to a child, may be such as to create a presumption of advancement. For the doctrine that a parent desires to distribute his estate equally among all his children is so strong that, in the absence of clear and convincing evidence to the contrary, it will be presumed that a parent who, during his lifetime, makes a substantial gift to a child, intended such gift to be an advancement. 1 R. C. L. 668.''

This last sentence was taken bodily from 1 R. C. L. The footnote in support of the text contains no Iowa citation. This statement in the last cited case, announcing for the first time in this state what we will term the ''clear and convincing evidence rule'' was re-affirmed in In re Estate of Sells, 197 Iowa 696, 699, 197 N. W. 922, 923, wherein the court said:

''The presumption is overcome only by clear and convincing evidence. In re Estate of Barnes, 177 Iowa 122, 158 N. W. 754.''

The rule is reiterated in 1 Am. Jur. 766, par. 116, citing the same line of cases that was cited in 1 R. C. L. 668, and in the footnote the following Iowa cases are cited in support of this principle: Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; In re Palmer, 194 Iowa 611, 190 N. W. 30, 26 A. L. R. 1097; In re Barnes, 177 Iowa 122, 158 N. W. 754. We have examined the case of Woods v. Knotts, supra, and it does not support the text. All that is said in the Knotts case in reference to proof is quoted from the case of West v. Beck, 95 Iowa 520, 522, 64 N. W. 599, 600, as follows:

''Now, advancement is an irrevocable gift made by a parent to a child in anticipation of such child's future share of the estate; and when a father pays off a debt owed by his son to a third person, the law presumes the money so paid is an advancement, unless it be shown that it was not so intended.''

There is nothing here to indicate that the showing must be by clear and convincing proof. Neither does the case In re Palmer Estate, supra, support the text.

In the case In re Manatt Trust, 214 Iowa 432, 436, 239 N. W. 524, 526, the matter of advancements was again under consideration by our court, and after reviewing several cases, the opinion quotes from the case of Bissell v. Bissell, supra, the statement:

"But slight evidence is needed to overcome the presumption stated." The writer of the opinion continues and says: "It is apparent under these authorities that when a parent is shown to have turned over and delivered money to a child, *in the absence of all other showing,* it is presumed to be an advancement; but it takes slight evidence to overcome this presumption." (Italics ours.)

No mention is made in the Manatt Trust case of the case In re Estate of Barnes, supra, or the case In re Estate of Sells, supra. We think the opinion in the Manatt Trust case announces a sound rule, namely:

"In the absence of all other showing, it is presumed to be an advancement," that is to say, a prima facie case is made out, and as stated by Justice Deemer in the Bissell case, supra (120 Iowa 127, 94 N. W. 465), in the absence of evidence to the contrary, such gift will be treated as an advancement.

We think it logically follows that if there is evidence to the contrary, pointing to a contrary intention, although such evidence be slight, the mere presumption must disappear in the light of such evidence to the contrary. This presumption is said to be founded on the old equitable maxim that "equality is equity." Ellis v. Newell, 120 Iowa 171, 94 N. W. 463. There are many cases in this state holding that the burden is on him who claims the parent did not intend the gift to be an advancement, but we have been unable to find any case, except the two hereinbefore referred to holding that this burden must be sustained by evidence that is clear and convincing. As suggested by the trial court in this instant case, the father had the five living children before him. They were treated on an equality, and hence as between them there is no need of resorting to presumption in order to accomplish equality between these five children who were his only living children. Bash v. Bash, 182 Iowa 55, 165 N. W. 399.

As the trial court observed, the father perhaps thought he had sufficient property remaining to enable him to suitably care for himself and his good wife and still leave considerable of an estate to be divided at his death. No one knows what his secret intention may have been concerning the children of the two deceased members of his family. His estate at that time was valued at over $50,000. What the ravages of time accomplished

through the depression has no bearing upon what the father's intention was at the time of making the gift. Although the witnesses were vigorously cross-examined, not a single circumstance was developed indicating a different meaning than that expressed by the father by the use of the German expression, "Ich habe geschenk." It is true that this court has said in two cases that the use of the term "gift" is not especially significant as every advancement is a gift, and we are not retracting this statement. However, in this case we are inclined to agree with the trial court's analysis, taking into account that at the same time he gave the wife a present of $1,000, and that he made an equal distribution among his five living children, that the father's express words in this instance should govern, and are sufficient to overcome the presumption.

It therefore follows that the decision of the trial court should be and it is affirmed.—Affirmed.

PARSONS, C. J., and all Justices concur.