The Home Builders Building and Loan Association issued certain shares of its capital stock in the names of Morris Polansky and Ida, his wife, or survivor, and other shares in their names without the addition of words of survivorship. Polansky died in 1945 and shortly thereafter a guardian was appointed for his wife, who had become incompetent. There is no tenancy by the entirety of personal property in this state. When title to personal property is placed in husband and wife, without words to the contrary, they hold as tenants in common, and upon the death of one of them, the decedent's title passes to his personal representative. But a joint tenancy is created when title is put in the names of husband and wife, or the survivor, and then, upon the death of one of them, the survivor becomes entitled to the whole. Aubry v. Schneider, 69 N.J. Eq. 629; 70 N.J. Eq. 809;Franklin National Bank v. Freile, 116 N.J. Eq. 278; 117 N.J. Eq. 405; Whelan v. Conroy, 126 N.J. Eq. 607.
A few years before Polansky's death, the Home Builders Building and Loan Association and several other associations merged into the Able-Old Hickory Building and that association voluntarily dissolved, pursuant to R.S. 17:12-81. Upon dissolution of a corporation, its property becomes a trust fund for creditors and stockholders, and the title evidenced by a stock certificate becomes an equitable right to a distributive share in the fund.Bijur v. Standard Distilling, c., Co., 74 N.J. Eq. 546, 557;78 N.J. Eq. 582. Upon dissolution of the Association, Mr. and Mrs. Polansky, by right of their jointly held shares, became entitled to an equitable joint estate in their proportion of the common fund, with right of survivorship. By right of the other shares which they held in common, they took an equitable tenancy in common. They were beneficiaries of an active trust, with no right to be immediately paid their share of the assets.
The trustees in dissolution declared several liquidating dividends in the lifetime of Polansky but did not actually pay them to Polansky or his wife because the stock certificates were not presented to the trustees. Other liquidating dividends have been declared since Polansky's death. The trustees *Page 234 
have paid into court all the dividends on these shares. When the trustees declared the liquidating dividends, they thereby entered into a special relationship of trust with the Polanskys in respect to the sums allocated to them. In re Central New JerseyLand, c., Co., 113 N.J. Eq. 332. The Polanskys took a present right to the money. A dividend declared by a going corporation is a debt due by the corporation to the person who is then the stockholder. A subsequent sale of the stock does not transfer to the purchaser the right to the dividend. Martindell v.Fiduciary Counsel, Inc., 131 N.J. Eq. 523; 133 N.J. Eq. 408.
Although the declaration of a liquidating dividend, or distribution of assets, made by trustees in dissolution gives rise to an equitable right rather than a debt, the same rule with respect to title ought to be applied, namely, that the liquidating dividend belongs to whoever owns the shares at the time the dividend is declared. The circumstance that Mrs. Polansky later became the sole owner of some of the shares does not affect the dividends made in respect to those shares.
The dividends were payable to Mr. and Mrs. Polansky jointly and not severally. At common law on the death of one joint promisee, the whole cause of action devolved upon the survivors to the exclusion of the representative of the deceased. But this is not the rule in equity, where the survivor is considered to hold as trustee so much of what he recovers as represents the interest of his deceased co-obligee. Dashley v. Daniel, 202 Fed. Rep. 426;120 C.C.A. 532. So strongly does equity disfavor survivorship.Pom. Eq. Jur., § 406, c. The court will not consider that Polansky's right to the dividends was conditional on his living until he and his wife actually received payment. His interest vested in his executor.
The guardian claims the entire fund for Mrs. Polansky on the theory of a gift of the shares several years ago. He relies on the single circumstance that the certificates were found by him in her safe deposit box and that the box had not been opened for ten years. While possession is an indication of title, yet as between husband and wife, it is very slight and is not sufficient, by itself, to prove a gift. 41 C.J.S. 633. *Page 235 
The dividends declared since Polansky's death, on the shares held jointly, will be paid to his widow's guardian; the other dividends will be divided between the guardian and the executor.